Argued and submitted October 12, 1988, affirmed March 22, 1989

SMO,
*Respondent,*

*v.*

BLACK et ux,
*Appellants.*

(E82-1775; CA A46644)

770 P2d 925

Doyle L. Schiffman, Roseburg, argued the cause and filed the briefs for appellants.

Kay Kiner James, Eugene, argued the cause for

respondent. With her on the brief was Harrang, Long, Watkinson & Arnold, P.C., Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This is the second appeal in this case. *See Smo v. Black,* 93 Or App 234, 761 P2d 1339 (1988). Defendants now appeal a judgment awarding plaintiff costs and attorney fees pursuant to ORCP 46A(4) and ORCP 46C because of defendants' responses to requests for admissions under ORCP 45. We affirm.

Plaintiff brought this action for a declaratory judgment to establish her right to cross defendants' land and to use a footbridge over the Smith River to get to her property. Her claim to use the bridge rested primarily on a written agreement entered into in 1963 by E. G. Dunn, plaintiff's predecessor in title, and O. W. Olson, one of defendants' predecessors in title. The document was discovered after the litigation had begun and was water damaged and faded. Plaintiff had the contents of the agreement reconstructed by a document expert and gave defendants a copy of the expert's report.

Before trial, plaintiff served a request for admissions, asking, *inter alia,* that defendants admit the authenticity of the agreement, including Olson's signature. There was also a separate request that defendants admit the validity of the agreement, *i.e.,* that its terms were binding on them. Defendants essentially denied the admissions. Plaintiff then moved to determine the sufficiency of the response. ORCP 45C. After a hearing, the trial court ordered defendants to file amended answers to the requests for admissions. The amended answers denied the authenticity of the agreement, Olson's signature and the binding effect of the agreement.

Because defendants failed to make the admission, plaintiff had to call, at trial, an expert witness to authenticate the agreement as to its terms and the signature of Olson. Defendants did not contest the authenticity of the document but contended that it was not valid, because only one of the two Olson brothers who had previously owned the property had signed it. They also contended that it was not binding on them because it had not been recorded.

After plaintiff prevailed at trial, she moved, pursuant to ORCP 46C, to require defendants to pay expenses and attorney fees incurred in proving the matters in the requests for admission that defendants had unreasonably denied. After

a hearing, the trial court found that defendants' counsel had been aware of the agreement since September, 1983, and had had a copy of the expert's report since March, 1984. Defendants' amended answer to the request for admissions was served in July, 1986, and the case was tried in September, 1986. The trial court also found that defendants did not have a reasonable basis for denying the authenticity of the agreement and the signature and concluded that they did not act in good faith. It found that they did have a basis for denying the validity of the agreement. For appearing and contesting defendants' initial response to the requests, the court awarded plaintiff $1,060 attorney fees and $14 reimbursement for expenses. For proving the authenticity of the agreement at trial the court gave plaintiff $1,470 attorney fees and $1,312.38 for expenses. The total award was $3,856.38.

■      Defendants' first claim of error is that the trial court did not have jurisdiction to rule on the motion, because defendants had already filed their notice of appeal from the principal judgment and the case was pending in this court. ORS 19.033, which reposes jurisdiction in the appellate court after notice of appeal, provides that the trial court "shall retain jurisdiction for the purpose of allowance and taxation of attorney fees, costs and disbursements or expenses pursuant to rule or statute." The attorney fees and expenses were allowed pursuant to ORCP 46C. The trial court had jurisdiction. *Becker v. DeLeone,* 78 Or App 530, 717 P2d 1185, *rev den* 301 Or 666 (1986).

■      In the second assignment, defendants contend that giving plaintiff attorney fees and expenses for contesting their original response and also fees and expenses for proving the authenticity of the agreement at trial was a double penalty. The amounts awarded under ORCP 45C and ORCP 46C are not penalties but are reimbursements for the expenses necessitated by an unreasonable refusal to admit the genuineness of the document. ORCP 45C allows reimbursement for expenses incident to determining the sufficiency of the response separate from the expenses due when the requesting party proves the matter at trial. ORCP 46C. Plaintiff incurred the expenses in two different proceedings; there was no "double recovery."

■      Defendants' third assignment appears to be that the trial court was wrong in concluding that they did not act

reasonably in contesting the validity of the agreement. Defendants, as they have throughout this case, continue to confuse the authenticity of the document and its signature with the question of whether it is binding on them. Plaintiff first sought an admission that the document was what it purported to be: an agreement signed by E. G. Dunn and O. W. Olson. She also sought an admission that it was binding on defendants. The trial court held that defendants could reasonably deny the latter request and contest the issue at trial. They did, by contending that there was nothing in the agreement that showed that Olson had authority to obligate his brother, who was a co-owner of the land burdened by the easement. The fees and expenses awarded to plaintiff were on the issue of authenticity and not on the issue of validity.

The fourth assignment challenges the amount of attorney fees awarded. The court received considerable evidence regarding what amounts were reasonable. We conclude that it did not abuse its discretion.

In their final assignment, defendants again contend that it was not unreasonable to contest the *validity* of the agreement. They called an experienced attorney as a witness in the proceeding; he testified that there was good reason to deny the validity of the agreement. They argue that they, thus, had reasonable grounds to believe that they could prevail on that issue at trial. They suggest that the issues of the validity of and the genuineness of the document were inseparable and that they could not[9] reasonably admit either request.

Even if there had been some question about plaintiff's initial requests for admissions, any possible ambiguity was cleared up when the court required defendants to file amended responses. The court specifically separated the two issues in discussing its ruling on plaintiff's motion to determine the sufficiency of the answers. It is clear that the court understood on which issue it was making the award.

Affirmed.