Argued and submitted May 3, 1993, affirmed February 16, 1994

Jack ADAMS,
*Appellant,*

*v.*

HUNTER ENGINEERING COMPANY,
*Respondent,*

*and*

William ENSLEY,
*Defendant.*

(C900871CV; CA A73644)

868 P2d 788

Lauren Paulson argued the cause and filed the brief for appellant.

Charles F. Adams argued the cause for respondent. With him on the brief were Joel A. Mullin and Stoel Rives Boley Jones & Grey.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiff appeals from a judgment for defendant Hunter Engineering Company[1] on each of plaintiff's two contract claims. He assigns error to the trial court's granting of defendant's motion for directed verdict, to the denial of plaintiff's motion for sanctions against defendant and to the award of attorney fees to defendant as a sanction against plaintiff for failing to admit a matter requested under ORCP 45. We affirm, writing only to address the attorney fees awarded against plaintiff.

Plaintiff is an automotive mechanic who specializes in brakes and wheel alignment. Defendant manufactures brake and alignment repair equipment. In 1990, plaintiff decided to open a brake and alignment training school. He visited defendant's office to ask about prices for equipment that he would need to operate the school. While there, defendant's sales representatives told him that he would pay much less for the equipment if he became a distributor for the company. Defendant needed a distributor in the area where plaintiff planned to operate his school. Ultimately, however, it awarded the distributorship to another person who opened a school similar to the one that plaintiff had planned. When plaintiff later attempted to purchase equipment from defendant at a price discounted for distributors, defendant refused, because plaintiff was not a company distributor. Plaintiff brought this action for breach of an alleged contract to award him the distributorship and to sell him equipment at a discounted price and breach of the duty of good faith and fair dealing.

During discovery, defendant made requests for admissions, one of which is relevant on appeal. The request, and plaintiff's response, are as follows:

*"REQUEST NO. 5*:

"Admit that you and [defendant] never entered into a written agreement.

*"RESPONSE*:

"Plaintiff cannot truthfully admit or deny, since discovery has not commenced."

---

[1] On April 23, 1991, the court entered a judgment dismissing plaintiff's claims against defendant Ensley. Plaintiff does not appeal from that judgment. Therefore, when we refer to "defendant," we mean only Hunter Engineering Company.

Defendant moved for summary judgment on the ground that the parties had never executed agreements either to award plaintiff the distributorship or to sell him equipment at a discount. Defendant argued that it was undisputed that the proposed distributorship necessitated a written agreement, and that the Statute of Frauds required a written agreement for the sale of equipment for more than $500. The trial court denied the motion.

A three-day jury trial followed. At the conclusion of plaintiff's evidence, defendant moved for a directed verdict. The trial court granted the motion. Defendant then moved for an award of $21,257 in attorney fees under ORCP 46C, arguing that, if plaintiff had properly answered the fifth request for admission, the case never would have gone to trial. The trial court granted the motion, finding that plaintiff had unreasonably failed to admit the absence of a written agreement. Plaintiff's asserted need to conduct further discovery to determine whether he had entered into a written agreement, the court found, was not sufficient:

> "On [Request No.] 5 the only discovery that I can see that needed to be commenced was discovery of the plaintiff to decide if he ever entered into a written agreement. * * * [I]t's particularly in his own knowledge because he's the one who did it, if anybody did it. So it's either a denial or something that the plaintiff could have figured out. And should have figured out."

The court agreed with defendant that the whole case would have been resolved on summary judgment had plaintiff admitted that he and defendant never entered into a written agreement. Therefore, it awarded defendant $20,000 in attorney fees.

■      Plaintiff argues that the trial court erred in awarding defendant attorney fees under ORCP 46C. That rule provides:

> "If a party fails to admit the genuineness of any document or the truth of any matter, as requested under Rule 45, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the party requesting the admissions may apply to the court for an order requiring the other party to pay the party requesting the admissions the reasonable expenses incurred

in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 45 B. or C., or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that such party might prevail on the matter, or (4) there was other good reason for the failure to admit."

We review the trial court's decision to award fees under ORCP 46C for errors of law and abuse of discretion. *Kitzerow v. Reinhardt*, 74 Or App 582, 584 n 1, 704 P2d 132 (1985).

■     Plaintiff argues that the trial court erred as a matter of law, because he should be deemed to have admitted that he had never entered into a written agreement with defendant. He argues that

"when a party gives lack of information or knowledge as the reason for failure to admit or deny but does not allege reasonable inquiry * * * the court may take the matter as admitted."

Accordingly, plaintiff concludes, the trial court could not have awarded attorney fees for his failure to admit defendant's request, because he did, in fact, admit it.

Plaintiff's argument finds no support in the language of ORCP 46C, which does not require courts to deem an equivocal response either an admission or a denial. It plainly provides that, when a party "fails to admit" a matter, an award of attorney fees may be appropriate. This reading of ORCP 46C is borne out by the Advisory Committee Notes to the 1970 amendment of FRCP 37(c), which is virtually identical to ORCP 46C, and on which ORCP 46C is based. Merrill, *Oregon Rules of Civil Procedure: 1992 Handbook* 127 (1991). The notes explain:

"Rule 37(c), as now written, addresses itself in terms only to the sworn denial and is silent with respect to the statement of reasons for an inability to admit or deny. There is no apparent basis for this distinction, since the sanction provided in Rule 37(c) should deter all unjustified failures to admit. This omission in the rule has caused confused and diverse treatment in the courts. One court has held that if a party gives inadequate reasons, he should be treated before trial as having denied the request, so that Rule 37(c) may apply. Another has held that the party should be treated as

having admitted the request. Still another has ordered a new response, without indicating what the outcome should be if the new response were inadequate. The amendment eliminates this defect in Rule 37(c) by bringing within its scope all failures to admit." 4A *Moore's Federal Practice* 37-21 (2d ed 1993). (Citations omitted.)

Our reading of ORCP 46C also is consistent with federal decisions holding that, when a party fails to admit or deny without making a reasonable inquiry, the appropriate sanction under FRCP 37(c) is not to deem the matter admitted, but instead to award costs after trial. *See, e.g., Friedman v. Prudential Life Ins. Co. of America*, 589 F Supp 1017, 1021 (SDNY 1984). The trial court did not err in failing to deem plaintiff's response an admission.

■ Plaintiff argues that, even if his response is not deemed an admission, the trial court abused its discretion in awarding defendant's attorney fees, because the admission defendant sought was of "no substantial importance" and because he reasonably believed he might prevail on the matter. The trial court disagreed. It found that the admission was of substantial importance, because the absence of such an agreement would have been dispositive of plaintiff's case on defendant's motion for summary judgment. It further found that plaintiff had no good reason to believe that he could prove the existence of a written agreement. Based on our review of the record, we cannot say that the trial court abused its discretion in reaching that conclusion.

■ ■ Plaintiff also takes issue with the amount of the attorney fees awarded. He argues that the trial court should not have awarded attorney fees for the entire trial, because much of the evidence he offered concerned his assertion that the parties were bound by an oral agreement, and did not relate to the absence of a written agreement. We review the amount of fees awarded under ORCP 46C for abuse of discretion. *Smo v. Black*, 95 Or App 588, 592, 770 P2d 925 (1989). In this case, the trial court considered plaintiff's argument and rejected it, finding that the existence of a written agreement "went to the heart" of the three-day trial, that whatever time the parties spent litigating the existence of an oral agreement could not be segregated from the effort to prove the existence of a written agreement, and that the entire case

would not have gone to trial if plaintiff had properly responded to defendant's request for admissions. Under the circumstances, the trial court did not err in awarding $20,000 attorney fees.

Affirmed.