Argued and submitted July 1, reversed and remanded with instructions December 8,
reconsideration denied February 23, petition for review denied April 19, 1994
(318 Or 661)

Irene V. SMO,
*Appellant,*

*v.*

Laverne SWALL,
as Personal Representative of
the Estate of Irene M. Black,
and as Personal Representative of
the Estate of Raymond S. Black,
*Respondent.*

(CV 89-0029; CA A73798)

865 P2d 436

James E. Mountain, Jr., argued the cause for appellant. With him on the opening brief was Harrang Long Watkinson Arnold & Laird, P.C. With him on the reply brief was Harrang Long Watkinson Laird & Rubenstein, P.C.

Doyle L. Schiffman argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioner Smo brought this proceeding for supplemental relief under ORS 28.080 to recover costs for maintenance of a footbridge located on respondent's[1] property and over which petitioner has an access easement to her own property pursuant to an agreement between the parties' predecessors. In *Smo v. Black*, 93 Or App 234, 761 P2d 1339 (1988), we affirmed the portions of the trial court's underlying declaratory judgment holding that the agreement was valid, that it created a perpetual easement and that "maintenance" costs for the footbridge were to be allocated between respondent and petitioner, with petitioner paying one-third and respondent paying two-thirds of the costs.

Petitioner undertook certain repairs on the bridge and, when respondent refused to pay her share of the costs, initiated this proceeding. The trial court denied relief, concluding that the repairs went beyond "maintenance," as contemplated by the agreement, and amounted to "rebuilding" or "reconstruction." The court reasoned that, although the work actually undertaken "would be deemed maintenance," that work was not sufficient to make the bridge safe unless all of the other "major components" of the bridge were replaced or reconstructed. It concluded that "the cumulative effect will be a drawn out, albeit intentional, rebuilding of the entire structure, part by part, which is not the ordinary meaning of the term maintenance."

On *de novo* review, we reverse. We conclude that the work for which petitioner seeks payment was "maintenance" and is subject to the cost allocation provision of the agreement. Because that conclusion dictates whether petitioner is entitled to the supplementary relief that she seeks, we do not address the parties' arguments concerning whether a total "rebuilding" would come within the cost allocation provision. Nevertheless, we note our agreement with the trial court's "hope [that] the parties will abandon their dispute over the bridge and take a less litigious approach to resolving their

---

[1] The respondent now is the personal representative of the two original defendants and was substituted as a party upon the death of Irene M. Black, the survivor of the two. Nevertheless, for ease of reference, we use the term "respondent" to refer to Irene M. Black, who was living and a party at the time the supplemental relief petition was filed.

disagreement." *See Smo v. Black*, 95 Or App 588, 770 P2d 925 (1989).

Reversed and remanded for entry of order of supplemental relief not inconsistent with this opinion.