Argued and submitted May 6, reversed on appeal; remanded in part and otherwise affirmed on cross-appeal July 3, 1996

Candace GOTTENBERG,
*Appellant - Cross-Respondent,*

*v.*

WESTINGHOUSE ELECTRIC CORPORATION,
a Pennsylvania corporation;
Nautilus Industries,
a division of Broan Mfg. Co., Inc.,
a foreign corporation;
Harley Adams, dba Hilt Investments;
and Does 1-10,
*Defendants,*

*and*

BROAN MFG. CO., INC.,
a foreign corporation,
*Respondent - Cross-Appellant.*

(C930583CV; CA A89360)

919 P2d 521

Carl A. Rodrigues argued the cause for appellant - cross-respondent. With him on the briefs was Lehner, Mitchell, Rodrigues & Sears.

Robin A. Jones argued the cause for respondent - cross-appellant. With her on the brief was Lindsay, Hart, Neil & Weigler.

Before Deits, Presiding Judge, and De Muniz and Landau, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Plaintiff appeals an order awarding extraordinary costs and attorney fees to defendant Broan (defendant).[1] Defendant cross-appeals the award of costs and attorney fees to plaintiff, pursuant to ORCP 45 and ORCP 46. We reverse on the appeal and reverse in part on the cross-appeal.

Plaintiff brought this action for damages following a residential fire that occurred on August 20, 1991. Plaintiff alleged that an exhaust fan, manufactured by defendant, caused the fire due to a defect in the fan. None of plaintiff's experts identified a specific defect, and plaintiff proceeded on an "indeterminate defect" theory. The case was set for trial on January 24, 1995. On the first day, the court heard motions, and, on the second day, plaintiff moved to amend her complaint to add allegations that the fan was defective in specific ways. Plaintiff's motion to amend followed a magnified examination of the fan that had been conducted for the first time the previous evening. Defendant opposed the motion.

The trial court found that there was no evidence that plaintiff had acted in bad faith in moving to amend. The court concluded that it would be reversible error not to allow the amendment. Plaintiff informed the court that she was ready to proceed and did not request a postponement. Defendant also did not move for a postponement but argued that its defense would be prejudiced by the amendment. On its own motion, the court granted "a continuance for filing of the amendment, Rule 21 motions and further expert examination[.]"

On January 30, defendant filed a "Motion for Assessment of Extraordinary Costs Incurred by Defendant," which were incurred as a result of the continuance. The court granted the motion on the basis of ORCP 52, which provides, in part:

"A. When a cause is set and called for trial, it shall be tried or dismissed, unless good cause is shown for a postponement. At its discretion, the court may grant a postponement, with or without terms, including requiring the

---

[1] The other defendants are not parties to this appeal.

party securing the postponement to pay expenses by an opposing party."

■ We review a trial court's decision to award all, part or none of the fees for abuse of discretion, but our review of whether the fees were authorized by the statute is a question of law. *Lovejoy Specialty Hospital v. Advocates for Life*, 121 Or App 160, 167, 855 P2d 159, *rev den* 318 Or 97, 98 (1993).

The trial court found that plaintiff was the party "securing the postponement," within the meaning of ORCP 52 A, and plaintiff argues that the court erred in that finding. Plaintiff contends that what she asked for and received was leave to amend her complaint, and because she did not ask for, and was not benefitted by, the postponement, she was not the "party securing the postponement." She also argues that Broan's costs are not "terms" of postponement, because Broan did not ask for them when the postponement was granted.

■ Since the decision in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), the Supreme Court has repeatedly stated that, in interpreting a statute, our task is to discern the legislature's intent from the text and context and, if intent is not then clear, to inquire into legislative history. Here, however, the disputed phrase was not a legislative enactment. It was part of an amendment to ORCP 52 A promulgated by the Council on Court Procedures. *See* ORS 1.735. However, we conclude that the interpretation of a rule of civil procedure is analogous to that of a statute, beginning with the elementary requirement that interpretation of a statute or a rule requires consideration of the text in context. If a rule remains ambiguous, we must then look to the "intent" of the Council in adopting the rule, which necessarily recognizes the duty of the council to develop "a system of continuing review of the Oregon laws relating to civil procedure[.]" ORS 1.725(3). The analytical approach taken by the parties here has included the historical context of the rules, and we agree with that approach.[2]

---

[2] In cases where the legislature plays an active role in the adoption of a rule, *see* ORS 1.735(1), its intent instead of or in addition to the Council's would be relevant and would be ascertained in accordance with *PGE*.

The second sentence of ORCP 52 A, which is the sentence at issue here, was adopted by the Council in response to *Spaulding v. McCaige*, 47 Or App 129, 614 P2d 594 (1980). *See* Council on Court Procedures, Staff Comment, 1980, *reprinted in* Lisa A. Kloppenberg, *Oregon Rules of Civil Procedure: 1995-1996 Handbook* at 144. In *Spaulding*, the trial had been set in Canyon City on February 23, 1979, at which time the plaintiffs, their counsel and the witnesses whom they had subpoenaed appeared. Defendant McCaige appeared by counsel. Defendants Proksel and their attorneys, all of whom were scheduled to fly in from Portland, were not there because weather conditions prevented their chartered plane from flying. The court first decided to wait to see if the flight could be made at a later hour and, when it could not, the trial court had the choice to enter a default against the Proksels or to postpone the trial. *Id.* at 137. The court postponed the trial, and after the trial was concluded, the court granted the motions for costs against the Proksels.

On the Proksels' appeal, we considered earlier case law and statutes in addressing the question "whether Oregon trial courts have authority to grant a continuance upon the condition that the moving party pay the expenses of his adversary." *Id.* at 139. We concluded that the answer was "far from clear[.]" *Id.* Under the statutes as they read at that time, ORCP 52 A allowed a court "upon terms" to reset a case after postponement, but ORS 20.110 also limited costs on postponement to $10. We did not, however, resolve the question "whether adoption of ORCP 52 [was] an implied repeal of the antiquated $10 limitation of ORS 20.110," *id.* at 141, because the Proksels had "assumed" that the court had authority to order payment of all of the expenses.

Following *Spaulding*, the legislature repealed ORS 20.110, Or Laws 1981, ch 898, § 53, and the Council amended ORCP 52 A to clarify that one of the terms under which a postponement could be granted was "requiring the party securing the postponement to pay expenses incurred by an opposing party." However, the language chosen by the Council does not make clear whether the "party securing the postponement" means any party whose conduct made the postponement necessary, as defendant argues, or only a party

who expressly requests a postponement, as plaintiff contends.

■　　　We do not resolve that issue. Assuming that plaintiff is the "party securing the postponement" even though she did not move for a postponement, we nonetheless agree with her that the costs here cannot be "terms" of the postponement when the postponement was granted without any discussion of costs.

The text of ORCP 52 A, that the court may "grant a postponement, with or without terms," makes the grant of the postponement concurrent with the imposition of the "terms" of the grant. That reading is in accord with the facts in *Spaulding*, which was the impetus for the amendment to ORCP 52 A. There, when the court decided to postpone the case, it stated on the record that it had

> " 'told [Proksels' attorneys] on the telephone that I was probably postponing the case, and I was seriously considering allowing the people who did appear their out-of-pocket costs on this. I am still inclined to do that. I suppose the fair thing would be for you gentlemen [the attorneys present] to file a motion and an affidavit summarizing the situation and setting out your costs * * *. They'll have an opportunity to respond * * *.' " *Spaulding*, 47 Or App at 137-38 (brackets and ellipses theirs).

We held that

> "what the trial court did—announcing it was 'inclined' to require the nonappearing party to pay the costs of the appearing parties, but reserving a final ruling until the parties had an opportunity to present written and oral arguments on the issue—was the functional equivalent of a continuance conditioned on the requirement that certain costs be paid." *Id.* at 139.

Defendant argues that ordering payment of expenses need not be at the time of the postponement because in *Spaulding*

> "[t]he trial court did not inform the Proksels that the payment of costs was a condition of the postponement; it apparently did not even give them the opportunity to consider whether to oppose the postponement in that light."

We cannot agree with defendant's understanding of *Spaulding*: The trial court's statement clearly shows that the court alerted the Proksels' attorneys to the possibility of costs.

Defendant also argues that here there was also a "continuance conditioned" on payment because it was clear that defendant intended to move for costs and that the court responded to that intention. Defendant relies on the court's statement:

> "I didn't want to indicate to either party that I was unmindful of the inconvenience and costs that have been experienced by both sides, but that's a matter such as—one factor in the Court looking at its discretion, the age of the case and those kind of factors the Court takes into consideration and the Court did consider that.

> "I would indicate that I will return the transcript of proceedings to [counsel for defendant] and I will keep—as I indicated to you, I developed a separate notebook on the motions and I will keep my notes in this case [in the event that the case] should be re-assigned to me[.]"

However, when those statements are considered in context, we do not agree with defendant that the trial court was ordering payment of costs as a term of the continuance. Rather, the court was addressing ruling on various motions before the court following the postponement. Counsel for plaintiff noted that "whatever trial judge ends up with the case would probably want to rule on his own motions and I would suggest that that would be appropriate." The court then asked counsel for defendant his preference, and counsel answered that,

> "in light of the amount of time and effort that's already been put into the premeeting, pretrial issues I would hope that the Court would have—the presiding judge would have the foresight to send this case back down here. * * * The Court is very aware of the case and very aware of the issues and, in the light of expedience and costs and all the things that we all think about when we have to speak to clients and answer to them, that would be a factor to be considered."

The court's response, relied on by defendant, shows the court's awareness that the decision to postpone necessarily resulted in "inconvenience and costs" to both sides. However, the court did not condition the continuance on payment of costs, nor did defendant ask for costs at that time. The court erred in granting defendant's later motion for assessment of extraordinary costs when payment of expenses was not a term of the continuance.[3]

We turn to defendant's cross-appeal. Defendant first assigns error to the trial court's grant of plaintiff's motion for costs and attorney fees, pursuant to ORCP 45 and ORCP 46, for defendant's failure to admit. In February 1995, plaintiff presented defendant with a request for admission of the amount of damage that had resulted from the fire. Defendant denied the request but immediately before trial stipulated as to plaintiff's damages. Plaintiff later moved for, and was granted, costs and attorney fees incurred in proving damages.

ORCP 46 C provides:

"If a party fails to admit the genuineness of any document or the truth of any matter, as requested under Rule 45, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the party requesting the admissions may apply to the court for an order requiring the other party to pay the party requesting the admissions the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 45 B or C, or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that such party might prevail on the matter, or (4) there was other good reason for the failure to admit."

Generally, a trial court's determinations with respect to ORCP 46 C are discretionary, including the determination of whether a party reasonably believed it would prevail or had a

---

[3] Because of our resolution, we do not address whether "expenses" under ORCP 52 A may include an award of attorney fees.

good reason for failing to admit. *Adams v. Hunter Engineering Co.*, 126 Or App 392, 397, 868 P2d 788 (1994). We review for an abuse of discretion. *Id.*

Defendant argues that plaintiff's motion should have been denied because defendant had reasonable grounds to believe that it would prevail on the amount of damages. Plaintiff's damages had been paid by State Farm Insurance Company in exchange for subrogation to her claims. Defendant contends that, at the time of the request for admission, defendant had a pending motion in limine to exclude evidence of damages to plaintiff in excess of $8,709.13, because it had learned that that was the amount of the losses incurred by plaintiff that State Farm had not paid. In the alternative, defendant's motion sought to have State Farm added as a real party in interest. Defendant argues that making the admission would have been a concession that its motion was invalid.

■ Under ORCP 45 B, a party responding to a request may deny the request, but a

"denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify the answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder."

We agree with plaintiff that defendant's motion *in limine* did not preclude defendant from answering the request by admitting the amount of damages but declining to admit who incurred them.

■ Defendant also argues that there were other "good" reasons for failure to admit the amount of damages claimed, because much of plaintiff's documentation offered as evidence of damages was in the form of estimates of losses without documentation, affidavit or source to show the actual losses. Therefore, defendant argues, it did not know until informed immediately before trial that a witness was prepared to testify that the written estimates were the same as the damages actually incurred.

We reject defendant's argument. As plaintiff points out, the documentation attached to the request was a compilation of receipts, invoices and estimates of damage that comprised the documentation submitted during trial and to which defendant stipulated. That documentation was the basis of the witness's testimony. Furthermore, at the time of the request, defendant was in possession of plaintiff's entire claim file, which detailed all the damage and amounts paid as a result of the fire. We find no abuse of the court's discretion in allowing plaintiff's motion.

Defendant argues, that, if allowing the motion was not error, the amount of the award was error because the court awarded plaintiff costs and fees that were incurred before the request for admission was made. An award pursuant to ORCP 46 C is for "reasonable expenses incurred in making that proof, including reasonable attorney fees," and we review for an abuse of discretion. *Smo v. Black*, 95 Or App 588, 592, 770 P2d 925 (1989).

ORCP 46 C provides that, if a party fails to admit a matter as requested under Rule 45, "and if the party requesting the admissions *thereafter* proves the genuineness of the document or the truth of the matter," the court may award the party that made the requests "reasonable expenses *in making proof*." (Emphasis supplied.) The plain import of the language of the rule is that if the failure of a party to respond to a request for admission necessitates incurring additional expenses, the court may award such expenses as a sanction for failing to respond. The rule does not contemplate awarding more than that as a punitive sanction for the nonresponding party's actions. As we said in *Smo*:

"The amounts awarded under * * * ORCP 46C are not penalties but are reasonable reimbursements for the expenses necessitated by an unreasonable refusal to admit[.]" *Id.* at 591.

In this case, plaintiff does not argue that all of the expenses the trial court awarded were necessitated by defendant's refusal to admit; at oral argument, plaintiff conceded that a substantial portion of the expenses already had been expended before the service of the request for admissions.

The trial court erred in including fees and expenses that were not necessitated by defendant's failure to admit.

Reversed on appeal; on cross-appeal, remanded for recalculation of reasonable expenses in proving amount of damages resulting from the fire incurred by plaintiff after defendant's failure to admit and otherwise affirmed.