Argued and submitted June 26, award of post-offer costs and disbursements reversed, remanded for entry of judgment awarding costs of $250 to defendant; otherwise affirmed October 8, 2008

James ELLIOTT,
*Plaintiff-Respondent,*

*v.*

PROGRESSIVE HALCYON INSURANCE COMPANY,
an Ohio corporation,
*Defendant-Appellant.*

Multnomah County Circuit Court
050606558; A134725

194 P3d 828

James B. Rich argued the cause for appellant. With him on the briefs were James A. Wickwire and Harris, Wyatt & Amala, L.L.C.

Willard E. Merkel argued the cause for respondent. With him on the brief was Merkel & Associates.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

This case involves the interplay of ORCP 54 E(3), relating to offers of judgment, and ORCP 46 C, relating to sanctions for failing to admit facts later proved at trial. Plaintiff filed a claim under the uninsured motorist provisions of a policy with defendant Progressive Halcyon Insurance Company, and defendant made an offer of judgment of $10,000, pursuant to ORCP 54 E. Plaintiff rejected the offer and pursued the matter through jury trial, ultimately obtaining a damage award of $8,509.64. Plaintiff then sought, and the trial court imposed, a sanction for plaintiff's expenses of $1,200 in attorney fees under ORCP 46 C, based on defendant's failure to admit facts in a request for admission that plaintiff later proved at trial. The court also awarded plaintiff costs and disbursements. Defendant appeals, assigning error to the award of the sanction, contending that no attorney fees could be awarded under ORCP 46 C, because plaintiff's recovery did not exceed the offer of judgment that defendant had made pursuant to ORCP 54 E. Defendant further contends that the trial court erred in awarding plaintiff his "post-offer" costs and disbursements, and denying its claim for its own post-offer costs and disbursements of $250. We conclude that the trial court erred in awarding post-offer costs and disbursements to plaintiff and in failing to award defendant its post-offer costs, but did not err in awarding plaintiff a sanction of attorney fees under ORCP 46 C. We therefore reverse the award of post-offer costs to plaintiff, remand for an award of costs to defendant, and otherwise affirm.

This matter arises out of a claim for uninsured motorist benefits following a November 2004 accident involving an automobile in which plaintiff was a passenger. After rejecting defendant's March 2005 offer to settle the claim for $6,900, plaintiff served his complaint on defendant in July 2005.

On July 14, 2005, plaintiff served a request for admission on defendant, asking it to admit coverage under the policy, to admit that plaintiff had performed all of his duties under the policy, and to admit that plaintiff had sustained some injury in the accident, had suffered some

noneconomic damages, and had received reasonable and necessary medical services. Defendant admitted that there was coverage under the policy but denied the other matters, explaining that plaintiff had failed to provide complete discovery about his prior accidents and that therefore "plaintiff's request is premature, and at this time defendant lacks sufficient information or belief to admit or deny the request, and therefore the request is denied." Plaintiff's attorney responded that the medical records sought by defendant had previously been provided to defendant's adjuster.

The case was transferred to mandatory court-annexed arbitration. ORS 36.400 to 36.425. On December 9, 2005, pursuant to ORCP 54 E, defendant offered to allow plaintiff to take judgment against it in the amount of $10,000, not including attorney fees,

> "inclusive of all economic damages, non-economic damages, costs and disbursements incurred as of the date of this offer. If the offer is accepted, plaintiff shall not be entitled to claim a prevailing party fee."

Plaintiff rejected defendant's offer, and the case went to arbitration. The arbitrator awarded plaintiff damages of $6,224 and costs of $234.50.

Plaintiff appealed the arbitration award and requested a trial *de novo*. ORS 36.425. After a jury trial, plaintiff recovered damages of $8,509.64. Plaintiff then sought his costs and disbursements of $1,199.50, as well as attorney fees as a discovery sanction pursuant to ORCP 46 C, which provides:

> "If a party fails to admit the genuineness of any document or the truth of any matter, as requested under Rule 45, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the party requesting the admissions may apply to the court for an order requiring the other party to pay the party requesting the admissions the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 45 B or C, or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable

ground to believe that such party might prevail on the matter, or (4) there was other good reason for the failure to admit."

Plaintiff asserted that defendant had failed to admit facts in the request for admission that plaintiff later established at trial.

Defendant objected, asserting that no attorney fee could be awarded under ORCP 46 C, because plaintiff's recovery did not exceed defendant's December 9, 2005, offer of judgment, as required by ORCP 54, which provides, in part:

"E(1) Except as provided in ORS 17.065 through 17.085 [concerning compromise with an injured worker], the party against whom a claim is asserted may, at any time up to 10 days prior to trial, serve upon the party asserting the claim an offer to allow judgment to be given against the party making the offer for the sum, or the property, or to the effect therein specified.

"* * * * *

"E(3) If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and *if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer*, but the party against whom the claim was asserted shall recover of the party asserting the claim costs and disbursements, not including prevailing party fees, from the time of the service of the offer."

(Emphasis added.) Defendant further asserted that it was entitled under the rule to recover its own costs of $250.

The trial court awarded plaintiff costs and disbursements of $1,199.50, as well as a sanction of $1,200 under ORCP 46 C for attorney fees that were "attributable to defendant's unreasonable failure to admit several Requests For Admission." On appeal, defendant contends that, in light of ORCP 54 E(3), the trial court erred as a matter of law in awarding plaintiff his "post-offer" costs and disbursements and in awarding the ORCP 46 C sanction, and further erred in considering those amounts in determining whether plaintiff had received a more favorable judgment than the

December 9, 2005, offer of judgment. When those amounts are not considered, defendant asserts, it is clear that the amount of the judgment did not exceed defendant's offer of judgment, and that ORCP 54 E(3) therefore limits an award of attorney fees under ORCP 46 C. In the alternative, defendant contends that the trial court abused its discretion in awarding fees under ORCP 46 C because, based on the information known to defendant at the time, defendant had reasonable grounds for denying the matters raised in the request for admission. Defendant further contends that if plaintiff's judgment did not exceed its offer of judgment, then defendant is entitled to its costs of $250.

Plaintiff counters that the trial court's rulings are reviewed for an abuse of discretion and that the trial court did not abuse its discretion in determining that plaintiff had obtained a judgment more favorable than defendant's offer of judgment. In the alternative, plaintiff contends that, even if his judgment was not more favorable than the offer of judgment, ORCP 54 E(3) does not limit the sanction that the trial court may, in its discretion, impose under ORCP 46 C.

The question of whether plaintiff's judgment was more favorable than defendant's offer of judgment is an issue that we review as a matter of law, as are the questions of the interplay between ORCP 54 E(3) and ORCP 46 C. We agree with defendant that plaintiff's judgment was not more favorable than defendant's offer of judgment, and that defendant was therefore entitled to its costs. We conclude, further, that ORCP 54 E(3) permits a sanction under ORCP 46 C for expenses, including attorney fees, incurred in proof of denied facts and that, on this record, the trial court did not abuse its discretion in assessing a sanction of $1,200.

The question of the interplay between ORCP 54 E(3) and ORCP 46 C necessitates two inquiries: The first is whether plaintiff's judgment was more favorable than defendant's pretrial offer of judgment, which, in turn, necessitates a determination of what makes up the judgment, including whether the sanction imposed under ORCP 46 C is a part of it. If plaintiff's judgment was not more favorable than the offer of judgment, then the second inquiry is whether ORCP 54 E(3) prohibited an award to plaintiff under ORCP 46 C.

The Supreme Court has said that, for purposes of the comparison required by ORCP 54 E(3), the judgment encompasses "the sum of the award plus the costs and recoverable attorney fees incurred up to the time of service of the offer." *Carlson v. Blumenstein*, 293 Or 494, 504, 651 P2d 710 (1982) (construing *former* ORS 17.055, statutory predecessor of ORCP 54 E). Thus, defendant's $10,000 offer of judgment, expressly including plaintiff's costs and disbursements incurred as of the date of the offer, is to be compared with the jury's award of $8,509.64, plus plaintiff's costs and recoverable attorney fees incurred as of the date of the offer.

■　The trial court treated as a part of the judgment plaintiff's costs of $1,199.50, which the parties appear to agree included trial costs that should not have been a part of the equation. In defendant's view, the judgment should properly be treated as including costs of no more than $234, which represents the fees that plaintiff paid to file the complaint and to serve it and the summons. In plaintiff's view, his incurred costs, for purposes of the comparison required by ORCP 54 E(3), also include the fee of $275 awarded under ORS 20.190(2)(a)(A) to a party who prevails "without trial of an issue of law or fact," to which he would have been entitled at the time of the offer of judgment had he accepted the offer.[1]

We agree with plaintiff that the prevailing party fee of $275 should be viewed as a part of the judgment. The offer of judgment included the $275 prevailing party fee. The offer stated that it included all costs, and expressly provided that, if it were accepted, plaintiff would not be entitled to claim prevailing party fees, the implication being that the $275 fee was already a part of the offer. But for that provision, had plaintiff accepted the offer, the $275 fee would automatically have been added to the judgment, as required by ORS 20.190(2)(a)(A). Accordingly, we conclude that the $275 prevailing party fee is a proper component of plaintiff's judgment.

■　The next question is whether the sanction that the trial court imposed under ORCP 46 C should also be regarded as a part of the judgment for purposes of the comparison

---

[1] A party who prevails *after* trial is entitled to $550. ORS 20.190(2)(a)(B).

required by ORCP 54 E(3). That depends on whether the sanction was a "recoverable attorney fee[ ] incurred up to the time of service of the offer" of judgment. *Carlson*, 293 Or at 504. In *Carlson*, the court said that "in providing for a statutory offer of compromise, [the legislature] intended that costs and *recoverable attorney fees to the time of making the offer* should be considered in deciding whether plaintiff obtained 'a more favorable judgment.'" *Id.* (emphasis added). Thus, under *Carlson*, in determining whether the attorney fees awarded under ORCP 46 C are a part of the judgment, the question is whether the fees were recoverable by plaintiff at the time of the offer of judgment, had plaintiff accepted the offer.

Under ORCP 46 C, the availability of attorney fees as a recoverable expense is contingent on the party establishing at trial the truth of matters that had been denied in response to an ORCP 45 request for admission. Whether or not, at the time of the offer of judgment, plaintiff had *incurred* legal fees in preparing to prove the facts that defendant had denied in response to plaintiff's request for admission, the right to *recover* those fees did not arise until after plaintiff had succeeded in proving the disputed facts. Thus, at the time of defendant's offer of judgment, no attorney fees were recoverable by plaintiff under ORCP 46 C. For that reason, we conclude that the amount of any sanction awarded by the court under ORCP 46 C is not to be regarded as a part of the judgment for purposes of the comparison required by ORCP 54 E(3). When the amount of the sanction is excluded, plaintiff's judgment is less favorable than defendant's offer of judgment. In light of our conclusion that plaintiff's judgment is less favorable than defendant's offer of judgment, plaintiff was not entitled to recover his post-offer costs and disbursements, and defendant is entitled to its costs of $250. ORCP 54 E.

██ Because plaintiff failed to obtain a judgment more favorable than defendant's offer of judgment, the next question is what, if any, sanction plaintiff was entitled to recover under ORCP 46 C in light of ORCP 54 E(3)'s bar on the recovery of "costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer." Plaintiff acknowledges that both rules speak about "attorney fees,"

and it is on that basis that defendant contends that ORCP 54 E(3) necessarily limits any attorney fee award that might be available under ORCP 46 C. However, in plaintiff's view, the two rules must be viewed in light of their purposes in order to understand how they relate to each other. As plaintiff correctly contends, the purpose of ORCP 54 E(3) is to encourage settlement and to penalize a plaintiff who takes a matter to trial and prevails, but ultimately recovers less than what, in retrospect, was a reasonable offer of settlement. *See Carlson*, 293 Or at 503-04. Viewed in that context, plaintiff asserts, it is clear that the limitations of ORCP 54 E(3) are directed to attorney fees that a *prevailing* party would otherwise be entitled to recover by judgment (assuming proper pleading and proof under ORCP 68), including attorney fees awarded under a contract, statute, or other source.

■    In contrast, the sanction available under ORCP 46 C bears no relationship to whether the party has prevailed. The rule's purpose is to reimburse a party for expenses incurred because of the need to prove facts that were unreasonably denied. *Smo v. Black*, 95 Or App 588, 591, 770 P2d 925 (1980) (purpose of ORCP 46 C is to provide "reimbursements for the expenses necessitated by an unreasonable refusal to admit"); *see Gottenberg v. Westinghouse Electric Corp.*, 142 Or App 70, 79, 919 P2d 521 (1996). A party's entitlement under ORCP 46 C to reimbursement of its expenses depends on proof of the disputed facts and proof of the expenses necessitated by the other party's denial of those facts. The sanction is awarded by order and is thus exempt from the provisions of ORCP 68. ORCP 46 C; ORCP 68 C(1)(b). Thus, plaintiff contends, the attorney fees assessed as a sanction under ORCP 46 C are not attorney fees in the sense encompassed by ORCP 54 E(3), but merely a component of a party's expenses incurred in proving the unreasonably denied facts.

So framed, plaintiff contends, the limitation in ORCP 54 E(3) on awards of costs, disbursements, and attorney fees does not apply to a sanction of expenses, including attorney fees, awarded under ORCP 46 C. We agree with plaintiff's understanding of the interplay of the two rules, which serve very different objectives, and which work together seamlessly when the fees available under ORCP 46 C are viewed in the context of the rule's purpose—that is,

to reimburse expenses, *see Smo*, 95 Or App at 591, rather than to award a cost or fee to a prevailing party. We conclude, accordingly, that plaintiff is correct that the limitation stated in ORCP 54 E(3) does not constrain the trial court's ability to impose a sanction under ORCP 46 C for a party's failure to respond to a request for admission.[2]

The remaining issue is whether the trial court abused its discretion in determining that defendant did not have a reasonable basis for denying the matters in the request for admission, or abused its discretion in setting the amount of the sanction. *Gottenberg*, 142 Or App at 77-78 (trial court's decision to award attorney fees under ORCP 46 C reviewed for abuse of discretion.) We have reviewed the record and conclude that there was no abuse of discretion.

Award of post-offer costs and disbursements reversed; remanded for entry of judgment awarding costs of $250 to defendant; otherwise affirmed.

---

[2] The foregoing analysis confirms that expenses, including attorney fees, awarded under ORCP 46 C are not affected by ORCP 54 E. Expenses awarded under ORCP 46 C are *not* awarded in judgments and, hence, are *not* included in the comparison that must be made under ORCP 54 E between a judgment that is offered to a party and the post-offer judgment that the party obtains. Consistent with that principle, those expenses also are *not* limited by ORCP 54 E, which affects the costs, disbursements, and attorney fees that parties receive *in judgments* when a party fails to obtain a post-offer judgment that exceeds the judgment that it was offered under ORCP 54 E. Of course, if plaintiff had accepted defendant's offer, plaintiff would not have been required to prove the facts that defendant failed to admit, and, hence, defendant would not have been liable for plaintiff's expenses in doing that. Nonetheless, it would be incongruous for ORCP 54 E to limit the authority of a court to award expenses under ORCP 46 C for a party's failure to admit facts when ORCP 46 C expenses are not included in the judgment comparison required by ORCP 54 E.