No. 526　　　　　June 11, 2025　　　　　215

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Kassidy ARNOLD,
*Plaintiff-Respondent,*
*v.*
Sarah McCLANAHAN,
*Defendant-Appellant.*
Linn County Circuit Court
21CV12727; A180514

Rachel Kittson-MaQatish, Judge.

Argued and submitted June 14, 2024.

Thomas M. Christ argued the cause for appellant. Also on the briefs was Sussman Shank LLP.

Matthew S. Kirkpatrick argued the cause for respondent. Also on the briefs was Kirkpatrick Law, LLC.

Before Pagán, Presiding Judge, Lagesen, Chief Judge, and O'Connor, Judge.*

LAGESEN, C. J.

Reversed and remanded.

_____
　* Lagesen, Chief Judge *vice* Hadlock, Senior Judge; O'Connor, Judge *vice* Mooney, Senior Judge.

## LAGESEN, C. J.

Defendant appeals a supplemental judgment that awarded plaintiff $30,000 in attorney fees, and $3,123 in costs and disbursements, plus post-judgment interest, under ORCP 46 C for defendant's failure to admit the truth of plaintiff's request for admissions under ORCP 45. She contends that the trial court erred in determining that ORCP 46 C applied under the circumstances present here, where defendant was deemed to have admitted the requested admissions as a result of her failure to timely deny them. Defendant's arguments raise a question of interpretation: Does ORCP 46 C apply when a party is deemed to have made requested admissions by virtue of their failure to timely respond? We review for legal error. *Elliott v. Progressive Halcyon Ins. Co.*, 222 Or App 586, 591, 194 P3d 828 (2008), *rev den*, 346 Or 65 (petition of Elliott); 346 Or 157 (petition of Progressive Halcyon Ins. Co.) (2009). We agree with defendant that ORCP 46 C does not apply to the circumstances present here and, accordingly, reverse the supplemental judgment and remand for any further proceedings, if necessary, consistent with this opinion.

ORCP 45 offers a discovery mechanism by which a party to a civil case may request another party to make admissions regarding both factual and legal matters, so as to obviate the need for proof at trial of the admitted matters. This streamlines the trial process by differentiating between what is disputed and what is not, something that can save time for everyone involved in the case, including and especially volunteer jurors who might otherwise be called upon to hear rafts of evidence and legal arguments on undisputed points. Pertinent to the issue before us, the rule provides, in relevant part:

> "**A Request for admission.** After commencement of an action, a party may serve on any other party a request for the admission by the latter of the truth of relevant matters within the scope of Rule 36 B specified in the request, including facts or opinions of fact, or the application of law to fact, or of the genuineness of any relevant documents or physical objects described in or exhibited with the request. * * *.

"**B Response**. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves on the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney \* \* \*. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify the answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. \* \* \*. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 46 C, deny the matter or set forth reasons why the party cannot admit or deny it.

"**C Motion to Determine Sufficiency.** The party who has requested admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer may be served. The court may, in lieu of these orders, determine that final disposition of a request be made at a designated time prior to trial. The provisions of ORCP 46 A(4) apply to the award of expenses incurred in relation to the motion.

"**D Effect of admission**. Any matter admitted pursuant to this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. \* \* \*."

As the plain text of the rule specifies, absent a timely answer or objection filed within 30 days or the time otherwise specified by the court, a matter put at issue by a request for admission is deemed admitted. Further, once deemed admitted under the terms of the rule, a matter is "conclusively established" for purposes of the proceeding "unless the court on motion permits withdrawal or

amendment of the admission." ORCP 45 D. If the requesting party doubts the sufficiency of the responding party's answers, that requesting party may move the trial court to determine the sufficiency of the answer. ORCP 45 C. If the court determines the answer is sufficient, the court shall order the responding party to serve the answer. *Id*. If the court determine the answer is insufficient, the court may either order the matter admitted or request an amended answer. *Id*.

ORCP 46 C, in turn, backstops ORCP 45's efficiency scheme. It does so by providing for monetary consequences when a party's unreasonable failure to admit a matter requires another party to prove the matter not admitted. Specifically, a party may recover "the reasonable expenses incurred in making that proof, including reasonable attorney fees." ORCP 46 C. That provision provides in full:

> "**Expenses on failure to admit.** If a party fails to admit the genuineness of any document or the truth of any matter, as requested under Rule 45, and if the party requesting the admission thereafter proves the genuineness of the document or the truth of the matter, the party requesting the admission may apply to the court for an order requiring the other party to pay the party requesting the admission the reasonable expenses incurred in making that proof, including reasonable attorney fees. The court shall make the order unless it finds that: the request was held objectionable pursuant to Rule 45 B or C; the admission sought was of no substantial importance; the party failing to admit had reasonable grounds to believe that it might prevail on the matter; or there was other good reason for the failure to admit."

Similarly, when a response to a request for admissions necessitates a motion to determine sufficiency under ORCP 45 C, and a trial court grants the motion to determine sufficiency, the court may order "the party *** whose conduct necessitated the motion or the party or attorney advising such conduct" to pay the moving party the expenses incurred in litigating the motion, including attorney's fees. ORCP 46 A(4).

In this case, which arose out of an automobile accident, plaintiff served defendant with a request for admissions

under ORCP 45, requesting that defendant admit 17 matters. More than 30 days later, defendant untimely served plaintiff with her response, in which she denied each of the 17 requests for admission. Defendant did not request leave from the court under ORCP 45 B to respond to request for admissions outside of the 30-day time period.

Upon receiving defendant's untimely response, plaintiff did not move the trial court under ORCP 46 C for a determination of the sufficiency of the response. Instead, plaintiff raised the issue somewhat obliquely in one of her pretrial motions *in limine* seeking to preclude defendant from presenting evidence contesting the reasonableness of her medical expenses. Plaintiff argued that such evidence should be excluded as irrelevant, not helpful, and confusing or misleading, in view of defendant's untimely response to the request for admissions:

> "**MOTION IN LIMINE No. 4: Exclude from offering opinions on whether medical expenses are a reasonable and customary amount.**
>
> "Plaintiff sent Request for Admission to Defendant to Admit that the Plaintiff's medical expenses were reasonable, necessary and caused by the subject collision. Defendant failed to timely respond therefore Defendant's response is deemed admitted. Not only would such testimony not be helpful or relevant to the jury, but it would also likely result in confusing or misleading the jury, even if it were relevant. OEC 401, 402, 403."

In response, defendant argued that her untimeliness should be excused. Rejecting that argument, the trial court ruled in favor of plaintiff, ultimately concluding that all matters encompassed within the request for admissions were deemed admitted, not just the matter addressed in the motion *in limine*:

> "Defendant admitted the medical expenses are reasonable and customary in amount by failing to respond to the Request for Admissions within 30 days, pursuant to ORCP 45 B. Defendant once realizing [her] response was untimely, could have moved the court [to] withdraw [her] admission per ORCP 45 D, or even moved the court to expand the time for a response after conferring with Plaintiff, if Plaintiff stipulated. The court is not aware of any action

taken by Defendant after Defendant realized [she] was untimely, other than to just file the late admission and hoped it passed muster. To allow Defendant to withdraw [her] admission now, on the morning of trial, would prejudice Plaintiff and require a continuance, which this court will not grant based on these circumstances. Note: Request served March 15, 2022. Response due April 14. Response filed April 28, 2022."

Having concluded that defendant had admitted the matters in the request for admissions by virtue of failing to timely respond, the trial court prohibited defendant from presenting evidence regarding the matters deemed admitted, including prohibiting defendant from calling any expert medical witnesses on the question of causation and damages with respect to plaintiff's physical injuries. Consistent with those rulings, the court instructed the jury, in part, that:

"The defendant has admitted to negligence. The defendant has admitted to reasonable and necessary medical expenses in the amount of $3,276.05.

"The fact that I am instructing you with respect to damages is not to be considered by you as an attempt by the court to suggest that you should or should not award damages.

"Nor should the amount claimed for damages by the plaintiff in the complaint be considered by you in arriving at your verdict except in one respect: that is, the amount of damages claimed is the maximum amount you can award the plaintiff."

The jury returned its initial verdict awarding plaintiff $0 for medical expenses, $300 for lost wages, and $1 for noneconomic damages. The court sent the jury back out to deliberate further, instructing it that it had to award the medical expenses in accordance with the admission that those expenses were $3,276.05. The jury thereafter returned what is denominated in the trial court file as a "corrected verdict" that substituted $3,276.05 for $0 on the line for medical expenses.

Thereafter, plaintiff moved under ORCP 46 C for an award of attorney fees and expenses from the date on which defendant served plaintiff with her untimely response to the

requests for admission to the date and time on which the trial court ruled that the requests were deemed admitted by virtue of defendant's failure to respond in a timely manner. Although plaintiff recognized that plaintiff was not required to prove the matters deemed admitted at trial, plaintiff argued that, as a result of defendant's untimely denials, plaintiff had to prepare to prove those matters at trial, lest the trial court deem defendant's untimely denials permissible:

> "As a direct result of Defendant's denial of the Requests for Admission set forth above (1-17), Plaintiff's counsel was forced to conduct its preparations for trial in a manner where they would be prepared to prove the facts identified in the requests for admission. As noted, Defendant stood by her untimely denial of the requests for admission right up to and at trial. Defendant even argued that courts routinely accept otherwise untimely answers to requests for admissions at trial in civil cases."

Defendant opposed the request, arguing that the predicate for an award of expenses under ORCP 46 C was not satisfied because, as a result of the court deeming the requests for admissions admitted, plaintiff did not have to prove any of the matters admitted. Alternatively, defendant argued that ORCP 46 C did not allow an award of expenses based on defendant's untimely denials because plaintiff failed to show that the denials were substantively unreasonable, even though defendant had not served them in a timely manner. On that point, defendant pointed to the fact that she had two experts prepared to testify at trial in support of her view of the facts, something that, in defendant's view, demonstrated that she had a substantively reasonable basis for denying the requested admissions.

The court agreed with plaintiff, ruling that defendant's denials "all were considered denials for that time frame" between the date defendant's response was served, and the date and time the trial court ruled that the requests for admission were deemed admitted as a result of defendant's untimely response. As a result of that ruling, the court awarded a portion of the fees and all of the costs requested and entered a supplemental judgment awarding plaintiff $30,000 in attorney fees, and $3,123 in costs and disbursements, plus post-judgment interest. Defendant appeals.

On appeal, defendant contends that the trial court erred in concluding that ORCP 46 C authorized it to award plaintiff the requested fees and costs. Defendant points out that, as a result of the trial court ruling that defendant's untimely response to the request for admissions meant that the requests were deemed admitted, plaintiff never had to "thereafter prove[] *** the truth of the matter" the court deemed defendant to have admitted, *i.e.*, reasonable and necessary medical expenses. ORCP 46 C. Defendant notes further that this approach accords with the approach taken under Federal Rule of Civil Procedure (FRCP) 37, the federal rule from which the provisions of ORCP 45 and 46 that address requests for admissions were drawn. In response, plaintiff argues that she did have to prove the matters deemed admitted at trial and that defendant's untimely response meant that plaintiff had to prepare to prove those matters at trial, circumstances that, in plaintiff's view, entitled her to recover attorney fees and expenses under ORCP 46 C.

We agree with defendant. Under the plain terms of ORCP 46 C, a party may recover the expenses associated with another party's failure to admit that a document is genuine or the truth of a matter in response to a request for admission if, and only if, "the party requesting the admission thereafter proves the genuineness of the document or the truth of the matter." ORCP 46 C. The recovery is limited only to the expenses incurred in proving the matter that the non-responding party failed to admit; "[t]he rule does not contemplate awarding more than that as a punitive sanction for the non-responding party's actions." *Gottenberg v. Westinghouse Electric. Corp.*, 142 Or App 70, 79, 919 P2d 521 (1996). In other words, "[t]he amounts awarded under *** ORCP 46 C are not penalties but are reasonable reimbursements for the expenses necessitated by an unreasonable refusal to admit[.]" *Smo v. Black*, 95 Or App 588, 591, 770 P2d 925 (1989).

Here, as a result of the trial court's determination that defendant's failure to timely respond to the request for admissions meant that the requested admissions were, in fact, admitted, plaintiff was not required to prove the truth of those matters. On the contrary, the jury was instructed

as to the amount of damages that plaintiff was entitled for medical expenses, as well as on the range of damages for non-economic damages and lost wages to which defendant was deemed to have admitted. Consequently, the only matters plaintiff was required to prove at trial were the amount of lost wages and the amount of noneconomic damages. Those specific amounts were not subjects of plaintiff's request for admissions, so expenses incurred in proving those amounts were not expenses incurred as a result of defendant's failure to timely respond to the request for admissions. Therefore, the expenses for those matters that plaintiff necessarily was required to prove at trial are not ones that are recoverable under ORCP 46 C because those expenses did not flow from defendant's response to plaintiff's request for admissions. Plaintiff would have had to prove those matters one way or another.

That conclusion, as defendant correctly notes, is consistent with the approach taken by the federal courts under FRCP 36 and FRCP 37, from which ORCP 45 and ORCP 46 C are drawn.[1] *See* Council on Court Procedures, Staff Comment to Rule 45 (1977-79 biennium) (ORCP 45); *Adams v. Hunter Engineering Co.*, 126 Or App 392, 396-97, 868 P2d 788 (1994) (ORCP 46); *see also, e.g.*, *West Ky. Coal Co. v. Walling*, 153 F2d 582, 587 (6th Cir 1946) ("When a party investigates and proves facts on the record admitted, it cannot tax opponent with the costs of such investigation."); *Szatanek v. McDonnell Douglas Corp.*, 109 FRD 37, 39-40 (WD NY 1985) (providing overview of request-for-admissions process and sanctions available for different responses deemed to be inadequate); *Brewer v. Air Products and Chemicals, Inc.*, No. 5:23-CV-00123, 2024 WL 3416594 at *5 (WD Ky July 25, 2024) (same).

Arguing for a different result, plaintiff asserts that she did, in fact, prove the matters covered by the request for admissions at trial, notwithstanding the trial court's instructions regarding the matters defendant was deemed to have admitted. The difficulty with that argument is that ORCP 46 C, by its terms and under our case law, authorizes

---

[1] The phrasing of ORCP 45 and ORCP 46 C are nearly verbatim that of FRCP 36 and FRCP 37 C(2), with slight variation not relevant to our decision, and their substance is the same.

an award of expenses incurred in proving a matter only when the need for proof is caused by a party's failure to admit the matter. On these facts, that causal link is missing because the trial court deemed the matters covered by the request for admissions to have been admitted.

Plaintiff also argues, and the trial court appears to have agreed, that ORCP 46 C permitted plaintiff to recover expenses incurred in preparing for trial from the date on which defendant served defendant's untimely denial, and the date that the trial court ruled on plaintiff's motion *in limine* seeking to preclude defendant from presenting evidence on matters that, in plaintiff's view, had been admitted as a result of defendant's untimely response to the request for admission. Plaintiff asserts that it

"was unreasonable for defendant to file and serve untimely denials without moving, under ORCP 45 B, to enlarge her time to respond or to move, under ORCP 45 D, to amend her response. Instead, defendant unreasonably forced plaintiff to proceed to trial, argued that her denials stood and plaintiff's requests were not deemed admitted under ORCP 45 B, and told the trial court that judges routinely allow untimely denials to stand in civil trials."

Whether defendant's behavior was reasonable or unreasonable, the plain text of ORCP 46 C remains the same and does not, for reasons explained above, authorize an award of expenses here, where the matters covered by the request for admissions were deemed admitted for purposes of trial, such that plaintiff was not required to prove them.

Regardless, from where we stand, neither party has cornered the market of unreasonable professional conduct when it comes to the handling of the request for admissions in this case. On one side of the scales, in serving her response to plaintiff's request for admission in an untimely manner without expressly acknowledging the untimeliness and taking affirmative steps to address the effect of the untimeliness prior to trial, defendant's passivity gave rise to uncertainty that potentially ran up the costs of trial preparation for both sides. On the other side of the scales, so did plaintiff's passivity. Although plaintiff had a mechanism for

resolving that uncertainty before trial under ORCP 45 C—one with an entitlement to expenses incurred under ORCP 46 A—plaintiff elected not to use that process, instead electing to incur expenses preparing for trial and then raising the issue through a motion *in limine* that did not alert the trial court to the relevant standards under ORCP 45 C and, potentially, ORCP 46 A. Under those circumstances, to the extent that plaintiff appears to argue on appeal that defendant's conduct makes it inequitable to deny her the expenses requested under ORCP 46 C, we see no inequity in view of plaintiff's failure to invoke the procedurally proper mechanism for addressing the consequences of defendant's untimely filing.

For the reasons stated above, the trial court erred in awarding plaintiff the fees and expenses she requested under ORCP 46 C. We reverse the supplemental judgment for that reason and remand for further proceedings consistent with this opinion. In so doing, we note that, although plaintiff is not entitled to an award of expenses under ORCP 46 C on these facts, plaintiff may be entitled to an award under ORCP 46 A for expenses incurred in litigating the question whether the matters covered by the requests for admission would be deemed admitted for purpose of trial, notwithstanding the fact that she did not formally file a motion under ORCP 45 C to test the sufficiency of defendant's response. *See, e.g.*, *Szatanek*, 109 FRD at 41 ("In that courts have adopted the position that permitting a late filing is equivalent to permitting a party to withdraw or amend admissions made under [FRCP] 36(b), *it is logical to equate plaintiff's efforts to have the requested facts deemed admitted* with a motion pursuant to [FRCP] 36(a)[6] to determine the sufficiency of answers submitted," such that the plaintiff was entitled to fees incurred in pursuing the motion under FRCP 37(a). (Emphasis added.)).

Reversed and remanded.