# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-4058

_____

Anthony Tinsman,                              *
                                              *
      Petitioner,                        *   On Petition for Review of
                                              *   an Order of the United
    v.                                       *   States Tax Court.
                                              *
Commissioner of Internal Revenue,             *   [Not To Be Published]
                                              *
      Respondent.                        *

_____

Submitted:  May 31, 2001
Filed:  June 19, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
    Circuit Judges.

_____

PER CURIAM.

Anthony Tinsman appeals from the decision of the United States Tax Court[1] that there were deficiencies in his federal income tax for 1994, 1995, and 1996 totaling $3,029.00, and delinquency penalties for those years totaling $757.23.  Tinsman v. Commissioner, 79 T.C.M. (CCH) 1529 (Feb. 22, 2000).  We affirm.

_____

[1]The Hon. John F. Dean, Special Trial Judge, United States Tax Court.

In January 1998, the Commissioner of Internal Revenue issued Mr. Tinsman a Notice of Deficiency for the years 1994, 1995, and 1996, based on unreported income. The 1994 unreported income noted was an IRA distribution. The 1995 and 1996 unreported income noted was wages. Because Mr. Tinsman did not file tax returns for 1995 and 1996, his income for those years was estimated by using data from the Bureau of Labor Statistics (BLS). Mr. Tinsman filed a petition in the Tax Court contesting the Commissioner's determinations. In requesting an extension of time to respond to a motion to strike filed by the Commissioner, Mr. Tinsman stated that he was working full time.

At trial, Mr. Tinsman did not present any evidence that he did not receive the income in question or that it was nontaxable. He asserted that it was the Commissioner's burden to go forward and prove that the determinations in the Notice of Deficiency were correct. He claimed that the unreported income was for the sale of his labor, which was a gift from God, and that the form reporting the IRA distribution was not valid because it was not signed under penalty of perjury.

When the Commissioner called Mr. Tinsman as a witness, he asserted his Fifth Amendment privilege against self-incrimination to almost every question. An IRS agent testified that his review of Mr. Tinsman's administrative file showed that Mr. Tinsman did not file tax returns for 1995 and 1996, that he received an IRA distribution in 1994, and that his wages for 1995 and 1996 were calculated based on BLS data in accordance with accepted procedures.

The Tax Court found that Mr. Tinsman did not actually dispute his connection with the tax-generating income ascribed to him by the Commissioner; rather, he advanced several arguments as to why this income was not taxable. The Court held that, in any event, the Commissioner established a factual predicate for his determinations, and that they were thus entitled to a presumption of correctness. The Court then held that the use of BLS data was a reasonable method of income

reconstruction for 1995 and 1996, and that because Mr. Tinsman had presented no evidence that the Commissioner's determinations were erroneous, the presumption of correctness was not rebutted. The Tax Court rejected Mr. Tinsman's legal arguments as frivolous, and decided the case in the Commissioner's favor.

On appeal Mr. Tinsman argues that the Tax Court erred in affording the Commissioner's determinations a presumption of correctness. He argues that the Commissioner's evidence that he received the unreported income at issue was all inadmissible.

The Commissioner's determinations of deficiencies in this case are entitled to a presumption of correctness, unless they were made without any foundation or supporting evidence.[2] See Page v. Commissioner, 58 F.3d 1342, 1347 (8th Cir. 1995). Upon review of the record, we find no error in the Tax Court's decision that the Commissioner was entitled to this presumption, and that Mr. Tinsman did not meet his burden of proving that the deficiency determinations were arbitrary or erroneous. See id. at 1348-49; Day v. Commissioner, 975 F.2d 534, 537 (8th Cir. 1992).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

_____

[2]The 1998 amendment to the Internal Revenue Code which shifts the burden of proof to the Commissioner in certain cases, I.R.C. § 7491(a), does not apply to this case, which involves an audit commenced before the amendment's effective date.

-3-