# IN THE OREGON TAX COURT
## REGULAR DIVISION

Kevin J. PARR,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4650)

Kevin J. Parr, Plaintiff (taxpayer), argued the cause *pro se.*

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant (the department).

Decision rendered August 13, 2004.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This matter is before the court for decision following a trial. The tax year in question is 2000.

## II. FACTS

A. *General*

Plaintiff (taxpayer) is an Oregon resident. Taxpayer did not timely file a personal income tax return with Defendant Department of Revenue (the department). In response to the refusal of taxpayer to file a return,[1] the department exercised its authority under ORS 305.265(10)[2] and issued a Notice of Determination and Assessment (NODA) on August 5, 2002.

In response to the NODA, taxpayer commenced a proceeding in the Magistrate Division. During that proceeding the department received information from the Internal Revenue Service indicating taxpayer might also have had gains on the sales of securities in the year 2000. The department requested that the magistrate increase the assessment against taxpayer to $20,649.[3]

---

[1] Taxpayer corresponded with the department in response to its request and demand that he file a tax return. Taxpayer stated that he owed no tax and therefore did not need to file. Taxpayer also requested a wide range of information regarding the request to file.

[2] All references to the Oregon Revised Statutes (ORS) and to the Oregon Administrative Rules (OAR) are to 1999.

[3] The requested increase in assessment was based on potential gain and was made after taxpayer refused to provide information to the department on his basis in the securities sold.

In the Magistrate Division proceeding taxpayer asserted, without substantiation, that he was entitled to a deduction of $8,500 for cash contributions to his church. Taxpayer's position was that he owed no tax as a result of the deduction for charitable gifts. The magistrate deciding the matter found in favor of the department based on lack of substantiation of the charitable deduction. The magistrate did not grant the department's request to be awarded damages under ORS 305.437.

In this division taxpayer persisted in refusing to provide information to the department that was requested as part of the discovery process. Ultimately, taxpayer provided information to the department regarding gains and losses on sales of securities in 2000. However, he submitted no information to the department, and introduced no reliable evidence at trial, substantiating or corroborating his claim that he made $8,500 in charitable contributions to his church in 2000.

Before trial, taxpayer submitted to the department unsigned federal and state income tax returns prepared by a commercial tax return preparer. As discussed in more detail below, taxpayer also finally provided information to the department in response to its discovery request about his securities sales. The department has not accepted the unsigned returns, but it did moderate its initial position in this proceeding by withdrawing its request for an additional assessment attributable to securities gains. The department continued in its position that the deductions shown on those documents for $8,500 in charitable contribution deductions must be denied for lack of substantiation.

Ironically, when taxpayer finally submitted information on securities sales to the department, that agency was able and willing to reduce the amount of assessment it requested to be imposed in this court. More ironically, the acceptance by the department of that information and perhaps other information,[4] led the department to the conclusion that taxpayer was due a small refund, even if the $8,500

---

[4] At and after the trial, the department calculated taxpayer's obligations based on a filing status of married, joint return, and five exemptions. Previously, it had

charitable deduction was disallowed. The department filed an Amended Answer, post-trial, reflecting those positions.

The position taken in the department's Amended Answer was a result of changes it made in filing status, exemptions numbers, allowance of basis offset to amounts received in securities sales, and a credit for a "kicker" refund under ORS 291.349 for the year 2000. Those items offset what would otherwise have been a deficiency attributable to the department's disallowance of any charitable deduction. In its Amended Answer the department dropped its prior claim for an attorney fee award under ORS 20.105.[5] The department still seeks attorney fees under Tax Court Rule (TCR) 46 A(4), with respect to taxpayer's behavior regarding discovery.

## B. *Facts Relating to Discovery Matters*

The department served taxpayer with a Request For Production of Documents. Taxpayer did not respond and the department moved to compel a response. At that point, taxpayer contacted the department and ultimately provided the requested documents. Taxpayer claims he did not receive the discovery request. The court specifically finds that taxpayer was not credible on the question of receipt of documents in the course of this proceeding, including on the question of receipt of the discovery request. Taxpayer has attempted to ignore or resist the department and has only grudgingly responded when seriously pressed. In this matter, the court deferred any ruling on the department's Motion to Compel Production of Documents and For Reasonable Attorney Fees. However, the court did order taxpayer to provide the documents requested.

---

calculated taxpayer's obligations on the basis of married, separate filing, and one exemption. It is not clear what, if any, information was received by the department from taxpayer relating to these matters.

[5] The department explained in court that it was concerned that its request for fees under ORS 20.105 could not be granted because, without a deficiency assessment, it could not be considered a prevailing party. The court expresses no opinion on the validity of that analysis.

## III.  ISSUES

The issues are:

A.  Is taxpayer permitted a deduction of $8,500 for charitable contributions?

B.  Is there a deficiency due from taxpayer for the tax year?

C.  Is the department entitled to an award of damages under ORS 305.437?

D.  Is the department entitled to attorney fees under TCR 46 A(4) or otherwise?

## IV.  ANALYSIS

### A.  *$8,500 Charitable Contribution Deduction*

■■    Oregon generally follows the same record keeping and reporting requirements as are applicable under the Internal Revenue Code (the Code). *Brenner v. Dept. of Rev.*, 9 OTR 299, 305 (1983). Regulations under the Code require that, for contributions of money, the taxpayer maintain (a) a cancelled check, (b) a receipt from the donee, or (c) other reliable written records.

Treas Reg § 1.170A-13(a)(1) (2002).

Taxpayer here failed to introduce any records of the type required to substantiate a charitable contribution of cash.[6] Taxpayer has not met his burden of proof on that item and no deduction is allowable. The foregoing conclusion is based on the court's finding that taxpayer was not a credible witness and he introduced no evidence of contributions other than his own assertions.

### B.  *Existence of Deficiency*

Before the trial in this matter, the department had asserted that a deficiency existed. At trial the department acknowledged that, subject to the allowance of a kicker

---

[6] The unsigned federal return provided to the department has attached to it a printout of a computer record taxpayer created. That merely summarized a list of purported gifts. The court specifically finds it is not a record that adds anything to taxpayer's assertion that he made the gifts.

refund and the application of that refund to taxpayer's account, taxpayer owed no further tax.

It appears that the kicker refund in question here would have been the refund to be paid in 2001, but calculated based on the 2000 tax liability of taxpayer. *See generally* ORS 291.349. However, although the department could estimate or project the amount of the taxpayer's total liability and the amount of refund, only the completion of proceedings in this court, subject to appeal remedies, could finally fix that liability and therefore the amount of kicker refund.

■ Further, even if the department could calculate the refund, nothing in the statutes permits the department to seize that refund and set it off against a tax liability that has not been fixed by decision of this court. The kicker refund is not one subject to ORS 314.415(1)(e)[7] and its provisions on offset. ORS 291.349(6)(c) provides that the kicker refund is subject to the set-off provisions of ORS 293.250. However, those provisions permit set off only where the debt is a liquidated amount. ORS 293.250(3)(b). Until this litigation is concluded, taxpayer's liability will not be liquidated.

The department, although generous in permitting a kicker refund credit for taxpayer, was without authority to provide such a credit. In a case such as this, where the amount of refund credit is a function of the amount of tax finally due, the only statutorily sanctioned procedure is a finding of overall tax liability for the taxpayer and, where it is a deficiency, a judgment in favor of the department for that deficiency, together with statutorily mandated interest. Separately, a calculation of the kicker refund would be made and paid, without interest, if warranted under ORS 291.349(6)(c).[8] Therefore, in computing taxpayer's income tax

---

[7] ORS 314.415(1)(e) provides:

"The amount of the refund, exclusive of interest thereon, shall not exceed the portion of the tax paid during such period preceding the filing of the claim or, if no claim is filed, then during the period preceding the allowance of the refund during which a claim might have been filed. Where there has been an overpayment of any tax imposed, the amount of the overpayment and interest thereon shall be credited against any tax, penalty or interest then due from the taxpayer, and only the balance shall be refunded."

[8] ORS 291.349 requires the department to mail kicker refunds as soon as practicable in cases where returns for the year 2000 are first "filed" on or after

liability for 2000, the court makes no offset or credit for any kicker refund.

■■    The court has the authority and obligation to determine the correct amount of tax. ORS 305.575. However, the department may not seek tax amounts in addition to those in its assessment unless taxpayer is permitted time to respond. *Id*. Again ironically, the department at and after the hearing on this matter appears to have reduced the amount it believes to be due. However, the department and taxpayer came to trial on this matter with a department assessment in excess of $20,000. That amount was upheld by the magistrate who heard this case and was a result of department positions on charitable deductions, securities gains, filing status, and exemption credits.

The court is willing to acknowledge many of the concessions made by the department in taxpayer's favor, after he finally provided information requested. However, even though the department may be willing to respond favorably to the submission of an unsigned document claiming to be a joint return on which three dependants are shown, the court is not willing or required to do so. The department's initial NODA was based on its best available evidence. Other evidence available to the department was stated to be the basis for the department's Amended Answer. The statutes do not oblige this court to accept any particular evidence, except in limited cases.[9]

Taxpayer was obligated to file a tax return, signed under penalties for false swearing. That he did not do. After months of refusing to provide information and refusing to file, he submitted an unsigned form to the department based on joint filing status and five exemptions. In this court taxpayer filed in his own name; his complaint was never amended to add as a party the woman shown on the unsigned return.[10] Taxpayer made no showing in this court as to his

---

August 15, 2001. No provision for payment of interest is made in such instances. The court expresses no opinion as to whether taxpayer has yet "filed" a return for those purposes.

[9] *See* ORS 305.265(10)(e)(A) as to certain instances in which cases may be rendered moot by statute.

[10] The lack of a signature by the former spouse on the return is significant as it would bar a finding of joint and several liability for tax due. OAR

marital status during 2000 or that, if he was married, his spouse consented to the burdens of joint return filing status. Given these considerations, the court concludes taxpayer's liability must be computed as it was in the department NODA.[11]

■    As to exemptions and related exemption credit under ORS 316.085, entitlement to such personal exemptions is based on the number of exemptions to which a taxpayer is entitled under section 151 of the Code. *See* ORS 316.085(1)(a). Under that statute, a taxpayer who is married may, in some instances, be entitled to claim a spouse as an exemption even where a separate return is filed. Presumably the department has satisfied itself as to taxpayer's exemption entitlements. The court will not refuse to acknowledge the department's resolution where, unlike the question of marital status and joint return, the resolution is not facially inconsistent with the pleadings and the parties before the court.

## C.    *ORS 305.437 Damages*

■    In this matter taxpayer maintained that he did not have an obligation to file a return and that he was not obligated to respond to audit and discovery requests. As to his duty to file a return, he is clearly wrong—in light of the relevant statutory provisions. *See* ORS 316.362. Taxpayer took the position that his own calculation of liability, although never revealed to the department, should be respected if later proven accurate. That position is without any support in the statutes and completely reverses the process of income taxation. In Oregon, the government responds to returns that taxpayers are required to file, except in some instances that are not applicable here.

---

150-314.385(1)-(C). If a wife signed, she is a necessary party in this court. If she did not sign, she is not a necessary party, but the tax status cannot then be that of married filing jointly.

[11] It appears that filing status in the NODA was married filing separately. The court notes that the department's rules provide for use of such status where it has information indicating a marriage but no joint return has been filed. OAR 150-305.265(10)(3)(a). The court notes that filing status also affects the amount of standard deduction (ORS 316.695(1)(c)(B)) and the maximum deduction for federal tax paid (ORS 316.695(3)).

**8.**     Taxpayer's objections to providing information to the department were based on the Fourth and Fifth Amendments to the United States Constitution. Such claims have been decisively rejected. *See United States v. Sullivan,* 274 US 259, 263-64 (1927). *See also Kasey v. CIR,* 457 F2d 369 (9th Cir), *cert den,* 409 US 869 (1972); *Edwards v. CIR,* 680 F2d 1268 (9th Cir 1982). Although a citizen may have a right to assert a Fifth Amendment privilege,[12] the amendment does not protect the citizen from civil liability for failure to file or failure to carry his burden of proof in a civil deficiency or assessment action. *Tinsman v. CIR,* 79 TCM (CCH) 1529, *aff'd,* 12 Fed Appx 431, 2001-2 US Tax Cas ¶ 50,572 (8th Cir 2001).

In this matter, taxpayer ultimately provided information to the department and, indeed, has benefited from that act insofar as the department has recalculated his liability. However, taxpayer's positions regarding returns and substantiation were without an objectively reasonable basis, and his persistence in them fully justify an award of $5,000 in damages to the department under ORS 305.437.

D.   *Attorney Fees*

Giving the taxpayer the benefit of certain credits and benefits that the court will not allow, the department concluded it should refund $4 to taxpayer. It therefore concluded, as indicated by counsel in the trial, that it had not prevailed in this case. After trial the department amended its pleadings to withdraw any claim for attorney fees under ORS 20.105. Under TCR 68 C(2)(a), except in cases not relevant here, a party must allege the right to such fees by a pleading. The department's Amended Answer effectively results in there being no pleading in this matter for a fee award under ORS 20.105.

However, the department has continued to assert its right to fees under TCR 46 A(4). The court finds that taxpayer is not credible in his explanations as to why he did not respond to the department's discovery request. He did not

---

[12] The cases indicate the privilege may not be invoked based on speculation or generalized fear of possible tax-related criminal prosecution. *Edwards,* 680 F2d at 1270. Taxpayer here laid out no position other than such generalized fear.

have, within the meaning of the rules of this court, substantial justification for his opposition to the motion to compel discovery. The department's motion to compel was in essence granted when taxpayer was ordered to produce the requested documents. The award of attorney fees for the department's cost of obtaining documents is just, especially considering that the taxpayer has benefitted, in part, from such production. Now, therefore,

IT IS THE DECISION OF THE COURT that, as to tax liability, judgment be entered in favor of the department in an amount computed in accordance with the foregoing;

IT IS FURTHER DECIDED that the department is awarded damages of $5,000 under ORS 305.437; and

IT IS FURTHER DECIDED that the department is entitled to an award of attorney fees under TCR 46 A(4).