**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-8

UNITED STATES TAX COURT

MICHELLE AMY MCKINNON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2052-11S.                    Filed February 7, 2013.

Michelle Amy McKinnon, pro se.

Jessica R. Nolen, for respondent.

SUMMARY OPINION

PARIS, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code in effect for the year at issue.

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent issued to petitioner a notice of deficiency for tax year 2008, determining a deficiency of $1,250.[2] The issues for decision are: (1) whether petitioner was entitled to a deduction of $5,000 for a contribution to an IRA for tax year 2008; and (2) whether petitioner had $27 of unreported interest income for tax year 2008.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by this reference. Petitioner resided in Missouri at the time this petition was filed.

Petitioner lost her job in August 2008. At that time she received a distribution of the entirety of her section 401(k) retirement account. Petitioner intended to roll over these funds into a subsequent retirement account but did not complete the documentation in a timely manner. As a result, petitioner reported the total proceeds of her section 401(k) account in her gross income for tax year 2008.

---

[2]The notice of determination did not reflect any penalties or additions to tax for tax year 2008.

On April 14, 2009, petitioner contributed $5,000 to an individual retirement account (IRA).  Petitioner then timely filed her 2008 Federal income tax return reflecting total income of $73,006, a deduction of $5,000 for her IRA contribution,[3] and resultant adjusted gross income (AGI) of $68,006.

On October 18, 2010, respondent issued to petitioner a notice of deficiency for tax year 2008.  The notice reflected respondent's determination that petitioner was not entitled to deduct the $5,000 contribution to her IRA for tax year 2008 and that she had $27 in unreported interest income for tax year 2008.  On January 18, 2011, petitioner timely mailed a petition for redetermination.  The petition was filed with this Court on January 24, 2011.

## Discussion

### I.  IRA Contribution Deduction

With certain exceptions, a taxpayer is entitled to deduct amounts that the taxpayer contributed to an IRA for the taxable year.  Sec. 219(a).  The deduction may not exceed the lesser of:  (1) the deductible amount; or (2) an amount equal to

---

[3]The $5,000 IRA contribution made on April 14, 2009, was attributed to tax year 2008 in accordance with sec. 219(f)(3).  Sec. 219(f)(3) provides that a taxpayer shall be deemed to have made a contribution to an individual retirement plan on the last day of the preceding taxable year if the contribution is made on account of such taxable year and is made not later than the time prescribed by law for filing the return for such taxable year.

the compensation includible in the taxpayer's gross income for such taxable year. Sec. 219(b)(1), (5)(A) and (B).

The deductible amount allowed under section 219(a) may be further limited if a taxpayer is an "active participant" in a qualified pension plan during any part of the year. Sec. 219(g)(1), (5). For purposes of section 219(g), an "active participant" means, with respect to any plan year, an individual who actively participates in a plan described in section 401(a). Sec. 219(g)(5)(A)(i). For taxpayers filing as single, section 219(g) provides that the dollar amount of the allowable deduction under section 219(a) is phased out over a $10,000 range of AGI beginning at the applicable dollar amount specified in section 219(g)(3)(B). The individual's AGI is determined without regard to the IRA contribution deduction. Sec. 219(g)(3)(A)(ii). For 2008 the applicable dollar amount for an individual filing single was $53,000. Sec. 219(g)(3)(B)(ii); Rev. Proc. 2007-66, sec. 3.22(2), 2007-2 C.B. 970, 975. Therefore, the IRA contribution deduction was completely phased out for an individual taxpayer with AGI exceeding $63,000.

For a portion of tax year 2008 petitioner was an active participant in a qualified retirement plan under section 401(k). Accordingly, she was subject to the IRA deduction limitations as enumerated under section 219(g). Petitioner's self-

reported AGI for tax year 2008 was $68,006, reflecting a $5,000 IRA contribution deduction from her total income of $73,006. Disregarding petitioner's IRA contribution for the purposes of section 219(g), her AGI for tax year 2008 was $73,006. This amount exceeds the IRA contribution deduction phaseout amount of $63,000 for tax year 2008. Accordingly, petitioner was not entitled to a deduction for her $5,000 contribution to her IRA for tax year 2008.

II. Basis in Petitioner's IRA

Generally, any amount paid or distributed to a taxpayer from an IRA is included in gross income in the manner provided by section 72. See sec. 408(d)(1). A taxpayer will generally not have a basis in the IRA, unless the taxpayer contributed nondeductible amounts to the IRA. See secs. 72(e), 219(a) and (b), 408(d)(1) and (2); Campbell v. Commissioner, 108 T.C. 54 (1997); sec. 1.408-4(a), (c), Income Tax Regs. When a taxpayer has contributed nondeductible amounts to an IRA, the taxpayer's income does not include the amount of a distribution attributable to the proportional share of nondeductible contributions to the total contribution to the IRA. See secs. 72(e), 408(d)(1); Campbell v. Commissioner, 108 T.C. 54 (1997); sec. 1.408-4(c), Income Tax Regs.

As a result of the foregoing determination that she is not entitled to deduct her $5,000 IRA contribution for tax year 2008, petitioner, upon paying the related

deficiency, will have a basis in her IRA equal to the $5,000 nondeductible

contribution. Accordingly, any subsequent distribution of funds from her IRA will

not be includible in her gross income to the extent of the proportional share of

nondeductible contributions to the total contribution to the IRA. For example, if

petitioner were to receive a distribution of IRA funds before making any further,

deductible contributions, the entirety of such a distribution would not be includible

in gross income. However, if petitioner were to contribute an additional $5,000 to

her IRA and properly deduct the contribution under section 219, 50% of any

subsequent distribution would be includible in gross income as the proportional

share of nondeductible contributions to total contribution would be 1/2.[4]

III. Unreported Interest Income

It is well established that the Commissioner's determinations, as embodied in

his statutory notices of deficiency, are presumed correct. Welch v. Helvering, 290

U.S. 111 (1933). The presumption is procedural and transfers to the taxpayer the

burden of proving that the Commissioner's determinations are incorrect.

---

[4]In this hypothetical scenario, the nondeductible contribution of $5,000 would be the numerator and the total contribution of $10,000 ($5,000 nondeductible + $5,000 additional deductible contribution) would be the denominator.

Barnes v. Commissioner, 408 F.2d 65 (7th Cir. 1969), aff'g T.C. Memo. 1967-250.

The presumption, however, is not irrebuttable. In certain limited circumstances, if the taxpayer proves by a preponderance of the evidence that the Commissioner's determinations are arbitrary and excessive, or without rational foundation, then the presumption no longer applies. See Page v. Commissioner, 58 F.3d 1342, 1347 (8th Cir. 1995), aff'g T.C. Memo. 1993-398; Tinsman v. Commissioner, T.C. Memo. 2000-55, aff'd, 12 Fed. Appx. 431 (8th Cir. 2001). Courts have identified an exception to the presumption of correctness where the Commissioner, in a case involving unreported income, introduces no direct evidence but rests on the presumption of correctness and the taxpayer challenges the deficiency on the grounds that it is arbitrary. See Schad v. Commissioner, 87 T.C. 609, 618 (1986), aff'd without published opinion, 827 F.2d 774 (11th Cir. 1987); Tinsman v. Commissioner, T.C. Memo. 2000-55. Thus, to rebut the presumption of correctness and shift the burden of producing evidence to the Commissioner, the taxpayer must demonstrate that the Commissioner's deficiency assessment lacks a rational foundation or is arbitrary and excessive. Tinsman v. Commissioner, T.C. Memo. 2000-55.

Section 61(a) includes in gross income all income from whatever source derived, including, but not limited to, interest. Sec. 61(a)(4). Respondent determined in his notice of deficiency that petitioner received $27 of interest income for tax year 2008 as reported on Form 1099-INT, Interest Income, from Vantage Credit Union. Petitioner did not address this issue in her petition and did not forward any arguments in her pleadings or present any evidence at trial to show that respondent's determination was incorrect. Petitioner likewise failed to show that the determination lacked a rational foundation or was arbitrary and excessive. Consequently, petitioner has failed to rebut the presumption that respondent's determination is correct. Accordingly, respondent's determination that petitioner received $27 of taxable interest income for tax year 2008 is sustained.

The Court has considered all arguments the parties have made, and to the extent not discussed herein, we find that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.