IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| FERMENT BREWING COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 220020N |
| | ) | |
| v. | ) | |
| | ) | |
| HOOD RIVER COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | **DECISION** |

## I. INTRODUCTION

Plaintiff appealed Defendant's partial exemption denial for property identified as

Accounts 21439 and 21440 for the 2019-20 through 2021-22 tax years. Defendant disputed that

it denied Plaintiff's exemption in part, maintaining that Plaintiff did not apply for an exemption

on all its property, and moved for dismissal either because Plaintiff was not aggrieved or its

appeal was untimely. (*See* Def's Mot to Dismiss at 2.) By order entered September 15, 2022,

the court denied Defendant's Motion to Dismiss and allowed Plaintiff's appeal to proceed. The

order is incorporated herein by reference.

On November 14, 2022, Defendant requested "a formal discovery order" incorporating

the Oregon Rules of Civil Procedure (ORCP) regarding discovery and a 120-day period to

engage in discovery. (Joint Status Report at 1.) Defendant reported that Plaintiff "prefer[red] to

keep things informal" and "prefer[red] the Oregon Tax Court Regular Division Rules [TCRs]

over the [ORCPs]." (*Id.*[1])  The court held a case management conference on December 5, 2022, during which the court granted the parties' request for 120 days to engage in discovery; set another case management conference for April 13, 2023; and granted Defendant's request to adopt the Regular Division discovery rules, TCR 36 to 46.  The court entered an order on December 9, 2022, memorializing its ruling.

On March 20, 2023, Defendant filed a Motion to Compel Production of Documents, (Motion to Compel) including a request for attorney fees.  The court held a case management conference on April 13, 2023, and granted Defendant's Motion to Compel after Plaintiff stated that it had no objection to the discovery requests and agreed to produce responsive documents by April 28, 2023.  The court set a hearing on attorney fees for May 23, 2023.  The court granted Plaintiff's unopposed request for a protective order under TCR 36 C to limit attendees at the hearing based on its counsel's representations that the hearing would concern personal and medical information.  The court's rulings are memorialized in an order entered April 14, 2023.

Defendant filed its Motion for Attorney Fees, Costs, and Disbursements on April 28, 2023.  On the same day, Plaintiff filed its Motion to Dismiss with Prejudice, including a request that attorney fees be determined "in accordance with the Magistrate Rules."  (Ptf's Mot to Dismiss at 1.)  Defendant filed its Response to Plaintiff's Motion to Dismiss with Prejudice on May 9, 2023, stating it did not object to Plaintiff dismissing the appeal with prejudice but maintaining that this court previously ruled TCR 46 governed discovery-related attorney fees.[2]

---

[1] Defendant filed an Amended Joint Status Report on November 15, 2023, but the provisions referenced in this Decision are the same.

[2] In its Response to Plaintiff's Motion to Dismiss with Prejudice, Defendant expressly reserved the right to seek additional attorney fees pursuant to TCR-MD 21 B. (Def's Resp at 1.)  Defendant did not develop that argument and the court need not reach it.

(Def's Resp at 1.) Oral argument was held by remote means on May 23, 2023. Michael J. Mangan (Mangan), Oregon attorney, appeared on behalf of Plaintiff. Chris O'Neill (O'Neill), Oregon attorney, appeared on behalf of Defendant.

## II. STATEMENT OF FACTS

The following timeline reflects communications between the parties about discovery:

- *December 5, 2022*: Defendant emailed Plaintiff about scheduling a site inspection of the subject property with a video recording. (Decl of O'Neill at 2-3; Ex 5.)

- *January 10, 2023:* Defendant served its First Request for Production of Documents (RFP) with a deadline of February 9, 2023. (Decl of O'Neill at 1.)

- *February 17, 2023:* Defendant emailed Plaintiff's counsel concerning its overdue response to the RFP. (Decl of O'Neill at 2; Ex 2.)

- *February 21, 2023:* Plaintiff's counsel's autoreply stated he was "traveling and working from [his firm's] East Coast offices during the week of February 20th to February 25th." (Decl of O'Neill at 2; Ex 1.) Plaintiff's counsel separately wrote: "We haven't been able to find the original email with the request." (*Id.*) Defendant responded by sending another copy of the RFP by email. (*Id.*)

- *March 2, 2023:* Defendant emailed Plaintiff's counsel noting Plaintiff's response to the RFP was three weeks overdue and demanding a response by March 9, 2023, or Defendant would file a motion to compel. (Decl of O'Neill at 3; Ex 4.)

- *March 14, 2023:* Having received no response to the RFP, Defendant called Plaintiff's counsel to confer before filing a Motion to Compel Production. (Decl of O'Neill at 3.) Plaintiff's counsel promised to send the response within one day, but Defendant's counsel did not receive a response on March 15, 2023. (*Id.*)

- *March 20, 2023:* Defendant filed its Motion to Compel and supporting declaration. (Decl of O'Neill at 3.) Defendant sent a request to Plaintiff's counsel to schedule a site inspection for April 5 or 6, 2023. (*Id.*; Ex 6.)

- *March 23, 2023:* Defendant sent another email to Plaintiff's counsel about scheduling the site inspection. (Decl of O'Neill at 3; Ex 7.)

- *March 29, 2023:* Having received no response, Defendant emailed Plaintiff's counsel again about the proposed site inspection dates of April 5 or 6. (Decl of O'Neill at 4; Ex 8.) Plaintiff's counsel replied that he had "been trying to get a response" for Defendant and would call the next day. (*Id.*; Ex 9.) Defendant's counsel did not receive a call from Plaintiff's counsel the next day. (*Id.*)

- *April 4, 2023:* Defendant emailed Plaintiff about his failure to respond about the site inspection date, noting April 5 and 6 were no longer viable dates and proposing a date of April 11. (Decl of O'Neill at 4; Ex 10.)

- *April 6, 2023:* Plaintiff's counsel responded that he could arrange a site inspection on April 11, 2023, but needed to confirm the time with his client. (Decl of O'Neill at 4; Ex 11 at 1; Ex 12.) Plaintiff's counsel sent a second email approximately 30 minutes later apologizing for the delay and stating he had "been out of the office sick." (*Id.*, Ex 12.) Plaintiff's counsel reported still working to confirm the time of the site inspection and promised to respond shortly. (*Id.*) That email was the first time Defendant's counsel heard Plaintiff's counsel reference health issues interfering with his ability to comply with discovery requests. (*Id.*, Ex 12 at 1.)

- *April 10, 2023:* Having not received Plaintiff's response regarding the time for the April 11, 2023, site inspection, Defendant sent an email to Plaintiff's counsel stating Defendant

could start as late as 2:00 p.m. and asking Plaintiff to confirm. (Decl of O'Neill at 4; Ex 12 at 1.)

- *April 11, 2023:* Plaintiff's counsel emailed that Plaintiff would need to reschedule the inspection to the next week. (Decl of O'Neill at 4; Ex 13.) Defendant objected to the late notice from Plaintiff, noting that Defendant had "rearranged his schedule and made arrangements with staff to do the site tour and video recording [that] afternoon." (*Id.*) Defendant proposed a site inspection for April 17 or 20, 2023. (*Id.*)

- *April 11, 2023:* Plaintiff's counsel filed a letter with the court requesting additional time to respond to the Motion to Compel due to his illness. (Ptf's Ltr, Apr 11, 2023.) He had "not been unable to work with [his] client to gather responsive documents or prepare a response to the Motion to Compel while ill." (*Id.*) Plaintiff's counsel claimed that his "office sent [Defendant his] written response to the [RFP] on April 7, 2023." (*Id.*)

- *April 12, 2023:* Defendant emailed Plaintiff's counsel about the proposed site inspection dates of April 17 and 20, 2023, and noted that Defendant had not received a response to its RFP and could not locate Plaintiff's referenced response sent April 7, 2023. (Decl of O'Neill at 5; Ex 14.) Defendant asked Plaintiff to forward a copy of Plaintiff's April 7, 2023, response. (*Id.*)

- *April 13, 2023:* At the case management conference, the court granted Defendant's Motion to Compel after Plaintiff reported that it had no objection to the discovery requests and agreed to produce responsive documents by April 28, 2023.

- *April 17, 2023:* Defendant emailed Plaintiff's counsel to inquire about a site inspection that day or on April 20. (Decl of O'Neill at 5; Ex 15.)

- *April 20, 2023:* Plaintiff's counsel responded to Defendant's email that Plaintiff was unavailable for the site inspection that day. (Decl of O'Neill at 5; Ex 17.)

- *April 28, 2023:* As of the date Defendant filed its Motion for Attorney Fees, it still had not received any response to its RFP. (Decl of O'Neill at 5.)

Defendant requests attorney fees of $4,057.50 based on $3,307.50 for 18.60 hours of work between January 6, 2023, and April 25, 2023, and a supplemental award of $750 to cover fees associated with preparing for and attending oral argument, and preparing any resulting orders, judgments or money awards. (Decl of O'Neill at 6-7; Ex 16.) O'Neill has practiced law in Oregon since 1993 and is familiar with the substantive tax law in this case as well as related procedural rules. (Decl of O'Neill at 5-6.) His billing rate was $175 per hour, which he believed was below the market average for lawyers with similar experience. (*Id.*) O'Neill billed $125 per hour for his paralegal's work, which he believed was also below market. (*Id*.)

The court takes notice of the Oregon State Bar's 2022 Economic Survey (Survey), which provided the following relevant figures for 2021.[3] The mean and median hourly billing rate for attorneys in private practice in Eastern Oregon, including Hood River County, was $288. (Survey at 11, 42.) For attorneys in private practice in Eastern Oregon with 21 to 30 years of experience, the mean hourly billing rate was $306 and the median was $320. (*Id.* at 43.) For attorneys in private practice in Eastern Oregon specializing in tax and estate planning, the mean hourly billing rate was $288 and the median was $275. (*Id.* at 45.)

At oral argument on Defendant's Motion for Attorney Fees, Costs, and Disbursement, Plaintiff's counsel abandoned his response based on his medical condition, and he declined to

---

[3] Available at: https://www.osbar.org/surveys_research#economicsurveys

offer any further explanation. He did not offer an alternative explanation for Plaintiff's failure to respond to the RFP or Defendant's discovery requests. Plaintiff made three arguments in opposition to the motion: (1) ORS 305.490 refers to the "tax court judge" so the Magistrate Division lacks authority to award attorney fees; (2) Defendant failed to confer before filing the Motion to Compel; and (3) any attorney fee award should be limited to the Motion to Compel.

## III. ANALYSIS

The issue presented is whether the court should award attorney fees to Defendant under TCR 46 A(4) because the court granted its Motion to Compel.

The Magistrate Division has its own discovery rule, Tax Court Rule-Magistrate Division (TCR-MD) 9, which provides that the Regular Division discovery rules TCR 36 to 46 will only apply when the court so orders. Here, the court entered an order adopting TCR 36 to 46 on December 9, 2022. TCR 46 A permits a party, "upon reasonable notice to other parties[4] and all persons affected thereby," to apply for an order compelling discovery in accordance with the rule. One such basis for a motion to compel is if a party fails to permit inspection as requested under TCR 43.[5] TCR 46 A(4) allows for the moving party to recover expenses associated with obtaining the order compelling discovery:

> "If the motion is granted, the court may, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable

---

[4] Plaintiff's second argument against fees on the basis that Defendant's counsel failed to confer is not well taken. It is undisputed that Defendant's counsel called Plaintiff's counsel on March 14, 2023, to discuss Defendant's intent to file a motion to compel. (Decl of O'Neill at 3.) During the call, Plaintiff's counsel gave assurance via an unfulfilled promise that he would send Plaintiff's response on March 15, 2023. (*Id.*) Although Plaintiff's counsel cited case law that the court may order conferral, TCR 46 A requires only *notice* to the affected party. Argument about what the court could have ordered is irrelevant at this point.

[5] Under TCR 43, a party may request to inspect and copy designated documents or to be permitted entry upon designated land.

expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."

The quoted text of TCR 46 A(4) is identical to ORCP 46 A(4). Although the ORCPs do not apply in this court, the court may look to them and related case law to interpret the TCRs to the extent the rules use the same or similar language. Preface to Regular Division Rules.

A.      *Whether a Magistrate Has Authority to Award Attorney Fees Under TCR 46*

Plaintiff's first argument in opposition to Defendant's motion for attorney fees is that the magistrate lacks authority to award attorney fees, noting that ORS 305.490(5) refers to the "tax court judge" and not a magistrate.[6]

Generally, Oregon courts follow the "American rule" and will not award attorney fees absent authorization by statute or contract. *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1990). This court has held a similar outlook on awarding attorney fees. *See Wihtol I v. Dept. of Rev.*, 21 OTR 260, 263 (2013)[7] ("the court is reluctant to conclude that any division of the court has authority to make any monetary award unless that award is supported by statutory authorization."). Although the court acknowledged in *Comcast Corp. V v. Department of Revenue*, 23 OTR 8, 12 n 4 (2018), that TCR 46 does "not independently have the force of statute," in that case the court determined it has authority to award attorney fees under TCR 46 because that rule is

"modeled on and materially similar to [ORCP 46] which [does] have the force of statute. See ORS 1.735 (providing that the Council on Court Procedures shall

---

[6] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

[7] The court wrote that it was "reluctant to conclude that any division of the court has authority to make any monetary award unless that award is supported by statutory authorization. Rules of practice and procedure—the subject of both ORS 305.425(3) and ORS 305.501(3)—are authorized, but the court is reluctant to conclude that 'practice and procedure' includes money awards." *Wihtol*, 21 OTR at 263.

promulgate rules on procedure, which become effective after legislative review). The court is statutorily directed to promulgate rules of practice and procedure that 'conform, as far as practical to the rules of equity practice and procedure in this state.' ORS 305.425(3). Therefore, the court has statutory authority to enact and apply TCR * * * 46 with respect to an award of attorney fees."

*Id.* In accordance with its authority, the court has awarded attorney fees under TCR 46 A where taxpayer had no "substantial justification for his opposition to the motion to compel discovery." *See Parr v. Dept. of Rev.*, 18 OTR 1 (2004).

Plaintiff argues ORS 305.490(5) allows *only* "the tax court judge" to award costs, disbursements, and attorney fees to a prevailing taxpayer in specified property tax cases.[8] This court considered a similar argument in *Wihtol*, with respect to the magistrate's authority to award costs and disbursements under ORS 305.490(2). 21 OTR at 266-67. The court observed that the authority to award costs and disbursements predated the addition of the attorney fee provisions in 2001, concluding that those attorney fee provisions in ORS 305.490

"should be read as describing what the Tax Court judge may award, as the statute says, in addition to costs and disbursements. [They] need not, and in light of the legislative text and history should not, be read as a barrier to a conclusion as to the authority of a magistrate under ORS 305.490(2) to award costs and disbursements—the Magistrate Division being part of 'the court.' "

*Wihtol*, 21 OTR at 267. Here, the authority to award attorney fees is based upon TCR 46 A, which is modeled on ORCP 46 A. *See also* ORS 305.425(3) (authorizing court to promulgate "rules of practice and procedure * * *, which shall conform, as far as practical to the rules of equity practice and procedure in this state.") Nothing in the text of ORS 305.490(5) indicates an intent to alter or limit the authority to award attorney fees under TCR 46 A.

/ / /

---

[8] ORS 305.490(4) provides a similar authorization in specified income tax cases.

A broader question is whether and under what circumstances the legislature intended for magistrates to award attorney fees. As discussed in *Lauer v. Grant County Assessor*, TC-MD 200253N, 2021 WL 365836 (Or Tax M Div, Feb 3, 2021), *aff'd* 24 OTR 610 (2021), the Magistrate Division was created in 1995 and includes certain features that indicate attorney fees are not typically available. *Id.* at *2. For instance, that non-attorney representatives are allowed to appear, and that the magistrate is "not bound by common law or statutory rules of evidence or by technical or formal rules of procedure * * *." *Id.* Witnesses who testified at legislative hearings opposed availability of attorney fees in *all* Magistrate Division cases, but acknowledged fees were appropriate in the case of a frivolous appeal or ungrounded position. *Id.* at *2-3. Specific concerns with attorney fees included increased financial burdens on taxpayers and local governments; possible pressure on litigants to retain counsel; and the proliferation of marginal appeals. *Id.* at *3-4.

The attorney fees under TCR 46 A(4) are a discovery sanction and, in that respect, are more akin to the case of a groundless appeal than the fees available to a prevailing taxpayer in the Regular Division.[9] *See Citizens' Utility Board v. Public Utility Commission*, 128 Or App 650, 660, 877 P2d 116 (1994) (describing fees "as a sanction for the failure to allow discovery"); *Certain Underwriters at Lloyd's London v. TNA NA Manufacturing*, 323 Or App 447, 523 P3d 690 (2022) (referring to fee award as "sanction" and upholding award where party's opposition to discovery "was not substantially justified"). Discovery disputes occur with some frequency in

---

[9] In a similar context, "the sanction available under ORCP 46 C bears no relationship to whether the party has prevailed. The rule's purpose is to reimburse a party for expenses incurred because of the need to prove facts that were unreasonably denied." *Elliott v. Progressive Halycon Ins. Co.*, 222 Or App 586, 594, 194 P3d 828 (2008).

the Magistrate Division and are not confined to frivolous or groundless appeals.[10] However, the risk that attorney fee awards would proliferate in the Magistrate Division is tempered by TCR-MD 9 A's limitation that TCR 46 applies only when so ordered by the magistrate. The court concludes that magistrates have authority to award attorney fees under TCR 46 as a discovery sanction.

B.      *Application of TCR 46 A(4)*

The decision whether to award attorney fees under TCR 46 A(4) is within the discretion of the magistrate. *See TNA NA Manufacturing*, 323 Or App at 456 ("We review a decision to sanction a party under ORCP 46 A for abuse of discretion."). TCR 46 A(4) provides some guidance on how that discretion should be exercised: attorney fees are *not* warranted where opposition to the motion to compel was "substantially justified" or where "other circumstances make an award of expenses unjust." In *Parr*, this court awarded attorney fees under TCR 46 A(4) after the taxpayer failed to respond to the department's request for production, then claimed he did not receive the discovery request, which the court did not find credible. 18 OTR at 4. The court found that "[t]axpayer has attempted to ignore or resist the department and has only grudgingly responded when seriously pressed." *Id.*

The facts presented here are similar to those found in *Parr*: Plaintiff's counsel dodged and ignored multiple requests from Defendant over a period of months. Once Defendant filed its Motion to Compel, Plaintiff responded that it had no objection to the RFP and agreed to a new

---

[10] The court commonly orders site inspections in property valuation cases and dismisses the complaint where a plaintiff fails to comply. *See, e.g., Willamette Gardens v. Lane County Assessor*, TC-MD 150146C, 2015 WL 5946547 (Or Tax M Div, Oct 12, 2015); *Urbanowicz v. Multnomah County Assessor*, TC-MD 150390N, 2016 WL 720224 (Or Tax M Div, Feb 1, 2016); *Salisbury v. Dept. of Rev.*, 24 OTR 497 (2021) (determining that magistrate's dismissal of appeal for failure to allow site inspection was justified).

deadline to send responsive documents. On April 11, 2023, Plaintiff's counsel wrote that his office sent a response to the RFP on April 7, 2023, yet Defendant could not locate any such response and had not received it as of April 28, 2023. Also on April 11, Plaintiff's counsel wrote that he had been unable to comply with Defendant's earlier discovery requests due to an illness, but he failed to offer any testimony or evidence of that illness at the protected hearing held in May. The court finds the statements made in the April 11, 2023, letter are unsupported and lack credibility. In sum, Plaintiff has offered nothing to show "substantially justified" opposition to Defendant's RFP or Motion to Compel. Similarly, Plaintiff has identified no "other circumstances" making an award unjust, such as evidence pertaining to its counsel's illness.

ORS 20.075(1) provides additional factors for consideration in determining whether to award attorney fees where the court has discretion. Those factors are set forth and discussed:

"The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal." ORS 20.075(1)(a). For the reasons described above, the court finds that Plaintiff's counsel failed to respond in good faith to Defendant's discovery requests, necessitating the Motion to Compel.

"The objective reasonableness of the claims and defenses asserted by the parties." ORS 20.075(1)(b). Plaintiff identified no basis for its opposition to Defendant's discovery requests and, ultimately, stated it had no objection.

"The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases." ORS 20.075(1)(c). Plaintiff had no basis to oppose or resist Defendant's discovery requests, so an award would not deter parties with good faith or reasonable opposition to discovery.

"The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses." ORS 20.075(1)(d). An award in this case would likely have some deterrent effect on meritless opposition to discovery requests in other cases where the magistrate has adopted TCR 46.

"The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings." ORS 20.075(1)(e). Plaintiff's counsel's responses to Defendant's discovery requests demonstrated a lack of diligence, including multiple unfulfilled promises to produce requested discovery.

"The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute." ORS 20.075(1)(f). After failing to receive a response to Defendant's RFP, Defendant's counsel reached out to Plaintiff's counsel several times in February and March 2023 to give Plaintiff another chance to respond and avoid Defendant's filing of a motion to compel. Plaintiff's counsel demonstrated a lack of diligence to pursue settlement of the dispute by either failing to respond or responding with an unfulfilled promise to produce the requested discovery.

"The amount that the court has awarded as a prevailing party fee under ORS 20.190." ORS 20.075(1)(g). The prevailing party fee under ORS 20.190 is not typically available in this court. *Johnson v. Dept. of Rev.*, TC 3802, 1996 WL 622215 (Or Tax, Oct 23, 1996).

"Such other factors as the court may consider appropriate under the circumstances of the case." ORS 20.075(1)(h). As an additional factor, the court notes that Plaintiff made statements to the court that it failed to support with evidence despite the opportunity to do so. Namely, that a response to the RFP had been sent on April 7, 2023, and that Plaintiff's counsel had been unable to respond to discovery requests due to a medical condition. Plaintiff's counsel

specifically requested, and the court entered, a protective order to protect such information, but Plaintiff's counsel never ultimately offered any such defense.

An award of attorney fees under TCR 46 A(4) is warranted in this case.

C.      *Reasonable Amount of Attorney Fees Under TCR 46 A(4)*

ORS 20.075(2) gives factors to be considered to determine the amount of attorney fees. Those factors are set forth and discussed as follows:

"The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services." ORS 20.075(2)(a). Drafting the Motion to Compel and supporting Declaration and preparing for and participating in oral argument took some time. However, Plaintiff did not object to the requested discovery, so no significant legal briefing was required. Defendant claimed 18.60 hours, but that amount of time reflects work beyond what was required to obtain the order to compel. It also includes time spent trying to schedule a site inspection and to obtain documents from Plaintiff before seeking a court order.[11] Only the entries for March 20, March 21, April 11 (0.3 hours), April 12, and April 13 directly pertain to obtaining the order to compel, for a total of 4.2 hours. (Decl of O'Neill, Ex 16.)

"The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases." ORS 20.075(2)(b). The court received no information on this factor.

/ / /

/ / /

---

[11] A site inspection is a reasonable discovery request in many cases involving property tax exemption. Here, however, Defendant did not include its request for site inspection in its Motion to Compel.

"The fee customarily charged in the locality for similar legal services." ORS 20.075(2)(c). O'Neill's hourly billing rate is below the median and mean rates for attorneys in Hood River County, for attorneys with 21 to 30 years' experience, and for attorneys specializing in tax law.

"The amount involved in the controversy and the results obtained." ORS 20.075(2)(d). The precise amount in controversy is unclear from Plaintiff's Complaint. The court found a difference of $1,830,220 between the value of property claimed as exempt by Plaintiff for the 2019-20 tax year and the value of property exempted by Defendant. *Ferment Brewing Company, LLC v. Hood River County Assessor*, TC-MD 220020N (Or Tax M Div, Sept 15, 2022). Because Plaintiff dismissed this appeal, the value of exempt property for the 2019-20 through 2021-22 tax years remains unchanged.

"The time limitations imposed by the client or the circumstances of the case." ORS 20.075(2)(e). The court received no information on this factor.

"The nature and length of the attorney's professional relationship with the client." ORS 20.075(2)(f). The court received no information on this factor.

"The experience, reputation and ability of the attorney performing the services." ORS 20.075(2)(g). O'Neill has significant experience practicing law in Oregon.

"Whether the fee of the attorney is fixed or contingent." ORS 20.075(2)(h). The court received no information on this factor.

"Whether the attorney performed the services on a pro bono basis or the award of attorney fees otherwise promotes access to justice." ORS 20.075(2)(i). The court received no information on this factor.

These factors notwithstanding, the amount of attorney fees and expenses to be awarded is discretionary with the trial court. *Smo v. Black*, 95 Or App 588, 592, 770 P2d 925 (1989).

The court finds reasonable attorney fees of $735 to obtain the order to compel. That is based on 4.2 hours of work at O'Neill's billing rate of $175 per hour. In addition to work performed to obtain the order, and despite Plaintiff's argument that the fees should be limited to the Motion to Compel, Defendant is entitled to "fees on fees" associated with obtaining the attorney fee award. *See Lauer*, 2021 WL 365836 at *4.[12] O'Neill's billing statement reveals 6.2 hours spent to prepare the motion for attorney fees and supporting declaration. (Decl of O'Neill at Ex 16 (April 19 (2.5 hours), April 20 (0.6 hours), April 25 (3.1 hours)).) An additional amount of $1,085 is allowed. Finally, Defendant requests an estimated $750 for fees associated with preparing for and attending oral argument, and preparing any resulting orders, judgments or money awards. The court finds that three hours of work is reasonable for an oral argument that was scheduled for one hour, but in fact took less time, along with an hour to prepare the judgment and money award necessary to effectuate the decision of the court, for an additional $750 based on O'Neill's billing rate. In total, the court awards Defendant $2,570 in attorney fees under TCR 46 A(4).

## IV. CONCLUSION

Upon careful consideration, the court concludes that a magistrate has authority to award attorney fees as a sanction under TCR 46 A(4) where the magistrate has adopted that rule. The court awards Defendant attorney fees of $2,570 under TCR 46 A(4). Now, therefore,

---

[12] The court has previously found fee awards may include so called "fees on fees" attributable to the process of requesting reimbursement for fees are includable in an award. *See Hoggard v. Dept. of Rev.*, 23 OTR 543, 550 (2019) *(citing Seneca Sustainable Energy, LLC III v. Dept. of Rev.*, 23 OTR 22, 56 (2018)).

IT IS THE DECISION OF THIS COURT that Plaintiff's Motion to Dismiss with Prejudice is granted. Plaintiff's Complaint is dismissed with prejudice.

IT IS FURTHER DECIDED that Defendant is awarded attorney fees of $2,570 under TCR 46 A(4). Counsel for Defendant shall submit an appropriate form of judgment.

Dated this _____ day of December 2023.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within __60__ days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer. and entered on December 27, 2023.*